---

### In re EK.

Court of Appeals of District of Columbia.
Submitted March 15, 1927. Decided May 2, 1927.

No. 1927.

1. Patents ⬳37—Package of paper towels, having multiplicity of folds and end flaps of less width than remaining portions, held to disclose invention.

Package of paper towels, comprising a plurality of towels having a multiplicity of folds and end flaps of each fold extending in opposite directions and of less width than the remaining portions, *held* to disclose patentable invention.

2. Patents ⬳65—A foreign patent is anticipatory only to extent of matters clearly and definitely expressed therein.

A foreign patent is to be measured as anticipatory, not by what may be made out of it, but by what is clearly and definitely expressed in it.

Appeal from Commissioner of Patents.

In the matter of the application of Arvid Ek for patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Reversed.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents denying the patentability of an invention expressed in the following claim:

"A package of paper towels comprising a plurality of towels of uniform size and shape, each of said towels having a multiplicity of folds intermediate its ends, the end flaps of each towel extending in opposite directions and of less width than the remaining portions, said end flaps extending in opposite directions and being of equal width allowing interfolding of adjacent towels no matter what faces of the towels may be placed together, and being of less width than the remaining folded portions allowing easy guiding and interfolding of the end flaps of adjacent towels."

[1] The invention relates to paper towels, which are folded and stacked in a receptacle, from which they are drawn one at a time as desired for use. The novel features of appellant's device are that the towels are arranged with a "multiplicity of folds"; the end flaps being of "less width than the remaining portions" and "of equal width."

A reference to a patent to one Tixidre was properly rejected by the Commissioner, in that it discloses, instead of a multiplicity of folds, a single fold with the flaps of equal width with the remaining portions. As said by the Commissioner: "This reference Tixidre is not thought to disclose, nor is it thought the patentee intended it to disclose, the shortened flaps."

The Commissioner relied for anticipation on a French patent to one Chemin, dated July 18, 1907. In respect of this patent, the Commissioner says: "The French patent to Chemin discloses the distributing or surface receptacle, the stack of folded paper towels, the lower one having the projecting flap *k*, which is clearly shorter than the width of the fold of the towel. The upper flap of this same towel is likewise clearly shorter than the complete width of the fold and the interior of the receptacle. The towels are shown interlapped in the manner in which appellant uses them. The specification does not describe this feature of the shortened flap, but it is believed the drawing constitutes a complete disclosure. Under these circumstances, the claim is held to be fully anticipated."

The multiplicity of folds is not claimed or disclosed in the Chemin patent, nor is it claimed that the flap is shorter than the fold. The Commissioner turns his decision on the drawing, which inartificially discloses a short-

er flap. A reference to the drawing, however, clearly discloses that the shorter flap was not regarded as an element of importance, since the drawing discloses merely a series of lines, which in some instances show a shorter flap, and in other instances a flap corresponding with the width of the fold. Indeed, there is nothing in the Chemin patent to suggest the advantage or disadvantage of the shorter flap.

[2] We think, therefore, that this foreign patent should not be used as an anticipation of the invention in issue, in view of the well-established rule announced in Carson v. American Smelting & Refining Co. (C. C. A.) 4 F.(2d) 463, 465, as follows: "A foreign patent is to be measured as anticipatory, not by what might have been made out of it, but by what is clearly and definitely expressed in it. An American patent is not anticipated by a prior foreign patent, unless the latter exhibits the invention in such full, clear, and exact terms as to enable any person skilled in the art to practice it without the necessity of making experiments."

The Commissioner in his opinion clearly states the superior advantages of appellant's device as follows:

"Appellant has found that in attempting to add new towels, where those in the receptacle are almost but not quite exhausted, it is necessary to make certain the lower flap of the lowest towel of the new stack is passed beneath the upper flap of such towel as remains in the receptacle. In attempting to make interlapping flaps, it is found the operator frequently passes the lower flap of the upper towel beneath a fold of the lower towel with the result that there is an improper functioning of the distributing box or receptacle. The towels may become jammed therein, or the flap of the towel next to be used is not properly left projecting through the slot. To overcome this defect, appellant proposes to make the top and bottom flaps of each towel of shorter length than the width of the folds. This facilitates the interlapping of the flaps, and also aids in the stacking of the towels, so that the edges of the folds will be in line."

While the case is a close one, we are of opinion that the appellant has made sufficient advances in the art to be entitled to recognition by the issue of a patent, and that the Commissioner erred in treating the Chemin patent as fully anticipating the present device. As suggested, the drawing in the French application discloses the lines, showing the paper folds, in such irregular and uncertain style as to forbid the absolute conclusion that shorter flaps were intended; and, in the absence of any such claim in the specification, we feel that we should not read into the patent something that is not definitely claimed or disclosed.

The decision of the Commissioner is reversed.