In re WATSON.

Patent Appeal No. 2574.

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Byron B. Collings, of Washington, D. C. (John S. Barker, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

■ The appellant filed his application for a patent, serial No. 651,416, on July 13, 1923, claiming to have invented new and useful improvements in the art of igniting confined bodies of inflammable gases. Three claims are involved, numbered 1, 2, and 3; claims 1 and 2 being in the form of process claims, and claim 3 being an apparatus claim. These claims are as follows:

"1. The herein described method of igniting a confined body of inflammable gas, which consists in firing a segregated and relatively small mass of the gas, causing the flaming particles of such ignited gas mass to impinge upon a surface shaped to reflect

them forwardly and in determined direction, and discharging the said reflected and directed mass of flaming gas, without impedance into the body of the gas to be ignited.

"2. The herein described method of igniting a confined body of inflammable gas, which consists in segregating a small part thereof, igniting the said segregated body of gas, and causing the flaming particles thereof, set in motion by ignition, to impinge upon a reflecting surface and to be thereby reflected and projected as a body of determined shape into the confined mass of gas that is to be ignited and burned.

"3. A firing plug for igniting a charge of the inflammable gas, in the body of which plug is formed a cavity open at the end toward the chamber containing the gas to be inflamed, the walls of the cavity being of parabolic curvature, and means located at the contracted end of the cavity for igniting the charge of gas segregated within the said cavity."

All the claims were rejected by the Examiner, and, on appeal, by the Board of Appeals. The rejection by both tribunals in the Patent Office was by reference to Wicky et Vogel (Fr.), 327,115, of 1903.

Appellant's device, as illustrated in his drawings, consists of a spark plug for use in internal combustion engines, so arranged that the positive and negative electrodes are placed at the apex of a cavity having walls of parabolic curvature, and which cavity opens into the firing chamber of the engine. By so arranging his electrodes, a spark passing between them will ignite the body of explosive gas in said cavity, and these gases will thereupon be projected forward and impinge upon the gases confined in the firing chamber, and thus will ignite and explode the same. The idea of the appellant is that in this way the gases in the firing chamber will be more easily and readily exploded than in the method heretofore practiced by the art.

It is contended by appellant that the method suggested by him might be carried out without the use of a spark plug by shaping the cylinder head so that a chamber would be formed therein in which a segregated small amount of fuel gas for initial ignition would collect, and with walls which would cause such gas to be projected as above outlined in the case of the use of his figured spark plug.

The French patent to Wicky et Vogel, No. 327,115, referred to by the Patent Office, was granted March 16, 1903. The figure appended to the patent shows a spark plug for use in internal combustion engines, having the electrodes at the apex of a conical space in the end of the portion of the spark plug, which is inserted into the cylinder of the engine. It is quite obvious, from an examination of this drawing, together with the explanatory language contained in the application for patent, that, when an electrical spark passes between the electrodes in this spark plug, the body of gas in the conical space in the end of the spark plug will be ignited and will be thrown forward and impinge upon the explosive gases contained in the firing cylinder.

As to the character of this conical space, the application recites, in part, that the base of the spark plug presents "interiorly a conical space which has an orifice for the passage of the central rod and which debouches on the inside of the protective cup." Again it is stated, "This tubular has on the inside a conical space d3 comprising a central opening for the passage of the rod b ad debouching on the inside of the protective cup c."

It is contended by appellant that the Wicky patent does not contemplate or have in mind the principle suggested by him, namely, the method of igniting the explosive gases in the firing cylinder by means of a small body of ignited gas thrown into the same from a properly shaped cavity. This is true. It is apparent that the patentee in the Wicky patent had in mind the construction of a small protective cup carried or traversed at its center by the central electrode of a spark plug, and which should be superimposed between the insulating portion of the spark plug and the opening made in the cylindrical sheath inclosing the insulating portion and constituting the second electrode, for the purpose of protecting the insulating portion of the spark plug from oil sprayed or thrown into the spark plug by the action of the piston in the cylinder. It apparently was not intended in the French patent to claim for a new method of firing the explosive gases in the cylinder.

Appellant, in view of this apparent disclosure of the French patent, invokes the rule that a foreign patent is to be measured as anticipatory, not by what might have been made out of it, but by what is clearly and definitely expressed in it. This is undoubtedly the law. An American patent is not anticipated by a prior foreign patent unless the latter exhibits the invention in such full, clear, and exact terms as to enable any person skilled in the art to practice it without the necessity of making experiments. Carson v. American

Smelting & Refining Co. (C. C. A.) 4 F.(2d) 463; In re Ek, 57 App. D. C. 203, 19 F.(2d) 677; In re Fisher (Cust. & Pat. App.) 37 F.(2d) 628; In re Gillam (Cust. & Pat. App.) 37 F.(2d) 959; In re Engelhardt (Cust. & Pat. App.) 40 F.(2d) 760.

But the principle is hardly applicable here. In the case before us, it is obvious, from an inspection of the French patent referred to, that in its ordinary operation it must of necessity operate in the exact method upon which the applicant bases his first and second claims. If this be true, then appellant cannot rightfully claim a process patent upon the same. The law is well settled that one may not claim a patent or monopoly of a process of what inherently happens in a normal and intended operation of a device which has already been the subject of a patent.

Where a process is simply the function or operative effect of a machine, it is not an invention, but, at most, the result of one, Re Moulton, 40 App. D. C. 160; In re Tallmadge, 37 App. D. C. 590; Westinghouse v. Boyden Power-Brake Co., 170 U. S. 537–557, 18 S. Ct. 707, 42 L. Ed. 1136; Risdon Iron & Locomotive Works v. Medart, 158 U. S. 68–77, 15 S. Ct. 745, 39 L. Ed. 899; Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403–422, 22 S. Ct. 698, 46 L. Ed. 968; Corning v. Burden, 15 How. 252–268, 14 L. Ed. 683; In re White, 31 App. D. C. 607.

If the process for which appellant claims here was carried out in the ordinary operation of the device disclosed by the French reference, then appellant has not set forth a new and patentable invention. Re Chapman, 41 App. D. C. 258; Claude Neon Lights v. E. Machlett & Son (C. C. A.) 27 F.(2d) 702–708.

What we have said will dispose of the process claims 1 and 2. The subject-matter of claim 3 is clearly anticipated by the Wicky reference.

The decision of the Board of Appeals is affirmed.

Affirmed.