## In re ERNST et al.
## Patent Appeal No. 3314.

Court of Customs and Patent Appeals.
June 12, 1934.

Elmer R. Helferich, of New York City (Nathan, Bowman & Helferich, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner, rejecting claims 1, 5, 7, 16, 17, 22, and 24 of appellants' application, filed November 17, 1929. All of the claims on appeal are method claims. Fourteen claims of the application have been allowed, all of said allowed claims being apparatus claims.

Of the claims on appeal, claims 1 and 22 are illustrative and read as follows:

"1. A method of operating at an uniform rate an hydraulic motor subject to variable loads which consists in causing the liquid to discharge therefrom at a gravimetrically constant rate.

"22. The method of propelling, hydraulically, at a substantially uniform rate, a member subjected to a variable mechanical force, which consists in (a) connecting said member to a piston operable in an oil-filled cylinder, (b) supplying oil under pressure into said cylinder behind said piston, (c) withdrawing oil from said cylinder at the front of said piston at a volumetrically uniform rate; and (d) varying the oil pressure in the intake end of said cylinder inversely to variations in oil pressure in the exhaust end thereof."

The alleged invention of appellants relates to a hydraulic transmission for machine tools. It is described in general terms, sufficiently for the purposes of this opinion, in the Examiner's statement as follows:

"In rotary cutter machine tools the resistance offered by the work to the cutter may vary as a result of the nonhomogeneous nature of the work piece or depending upon whether the cutter rotates with the work piece or against the same. * * * Under any operating condition the pressure differential between the exhaust and intake ends of the motor is disturbed and applicant has accordingly provided mechanism for maintaining a certain predetermined differential in order to maintain a uniform rate of reciprocation free from jump or jerk."

Appellants in their application disclose two different forms of apparatus for carrying out the object of the invention; it is not shown in the disclosure that there is any means of carrying out the process claimed other than through the use of said apparatus above referred to, and apparatus claims have been allowed to appellants covering both forms of apparatus disclosed.

In rejecting the appealed claims, the Examiner stated as follows:

"Claims 1, 5, 7, 16, 17, 22 and 24 are machine method claims and stand rejected as being improper method claims. It is submitted that these claims depend upon definite machine structure arranged in a predetermined manner and which cooperates with each other in a definite and constant relationship. * * * It is not at all conceivable how the latter result [having the back pressure determine the amount of forward pressure] can be accomplished by other than definitely arranged and associated mechanism. The claim therefore sets forth no more than the necessary and obvious func-

tion of the machine. Since as outlined above each of the steps set forth in the claim is based and is entirely dependent upon certain machine parts arranged in a predetermined relation to one another and functioning in a definite relationship, the claim is considered no more than a statement of the manner in which the assembled mechanism operates. * * * "

It should be observed that the claim referred to in said quotation was claim 7, taken as an example to show the objection of the Examiner to all of the method claims.

The Board of Appeals, with respect to the method claims, stated in part as follows: " * * * These method claims have been rejected by the Examiner on the ground of being improper method claims. Specifically, that they merely represent or depend upon the operation of a definite machine structure arranged in a predetermined manner, the parts of which cooperate with each other in a definite and constant relationship. Conversely, it is not apparent how the alleged method could be performed independently of this specific apparatus or one having exactly equivalent corresponding elements.

"As may be noted from the above illustrated claims the claims differ in extent of statement of the alleged method steps. Claim 1 includes only the step of causing the motive liquid to discharge from the motor at a gravimetrically constant rate. Claim 22 sets forth quite specifically the particular operation of functions of the elements of the apparatus. It is our opinion that whether the claims are set forth in considerable detail as claim 22 or in terms of a mere substep as in claim 1 no method is presented here which is patentably separable from this device. This is an apparatus operating in a purely mechanical way, each element whether rigid or liquid performs its simple and purely mechanical function. Further, the alleged method does not in any sense operate upon material to be transformed into a different state or thing such as required by the accepted definition of a true method whether mechanical or chemical; Cochrane v. Deener, 94 U. S. 780, 24 L. Ed. 139. In this relation the material operated upon as required by the definition cannot be taken as the work in the machine since that does not come into the terms of the appealed claims and it would obviously not be relevant to the steps set forth in these claims since they are concerned purely with merely propelling some movable part at the uniform rate of speed. Obvious-ly also the oil or motive liquid in the machine is not material being operated upon in the sense required by the definition. We see in the terms of the method claims no more than a statement of action or functions of this apparatus so closely related thereto as to be not properly separable as a distinct patentable method. The method set forth is no more than an obvious function of this machine. We have carefully considered applicants' brief in this respect but are unable to agree that these claims fall within the terms of the citations favorable to mechanical methods. * * * "

█ In so far as the language above quoted implies that a valid method claim requires that it relate to the treatment of some material, we are not in accord therewith. While the decision in the case of Cochrane v. Deener, 94 U. S. 780, 24 L. Ed. 139, may seem to support such a holding, later decisions of the Supreme Court are not so limited. Such a decision is the case of Telephone Cases (Dolbear v. American Bell Telephone Company), 126 U. S. 1, 8 S. Ct. 778, 780, 31 L. Ed. 863, in which the following method claim was held valid:

"The method of and apparatus for transmitting vocal or other sounds telegraphically, as herein described, by causing electrical undulations, similar in form to the vibrations of the air accompanying the said vocal or other sounds, substantially as set forth."

In its opinion in said case the court stated:

"In this art—or, what is the same thing under the patent law, this process, this way, of transmitting speech—electricity, one of the forces of nature, is employed; but electricity, left to itself, will not do what is wanted. The art consists in so controlling the force as to make it accomplish the purpose. * * * "

In the case of Tilghman v. Proctor, 102 U. S. 707, 722, 26 L. Ed. 279, the court said: " * * * But where the result or effect is produced by chemical action, *by the operation or application of some element or power of nature,* or of one substance to another, such modes, methods or operations are called processes. * * * " (Italics ours.)

That a method of operating electric motors may be patentable as such was held in the cases of Century Electric Co. v. Westinghouse Electric & Mfg. Co. (C. C. A.) 191 F. 350, and Westinghouse Electric & Mfg. Co. v. Stanley Instrument Co. (C. C. A.) 133 F. 167.

We are, however, in agreement with the Board of Appeals in its statement that:

" * * * We see in the terms of the method claims no more than a statement of action or functions of this apparatus so closely related thereto as to be not properly separable as a distinct patentable method. The method set forth is no more than an obvious function of this machine. * * * "

In the case of In re Weston, 17 App. D. C. 431, the court in a very comprehensive opinion, after reviewing a large number of cases of the Supreme Court of the United States, said:

"It seems to us from all these authorities the deductions to be drawn are these: First, that processes involving a chemical or other elemental action, if new and useful, are patentable; second, that a process, which amounts to no more than the mere function of a machine, is not patentable; third, that a process or method of a mechanical nature, not absolutely dependent upon a machine, although perhaps best illustrated by mechanism, may, if new and useful, be the proper subject of a patent, even though it involves no chemical or other elemental action."

This case was cited by us with approval in the case of In re Weeks, 48 F.(2d) 662, 18 C. C. P. A. (Patents) 1234, and we think the rule declared by the Court of Appeals of the District of Columbia, above quoted, is sound and in harmony with the later decisions of the Supreme Court of the United States, rendered both before and after the decision in the Weston Case.

Applying this rule to the case at bar, we think the claims here involved fall within the second class named in the rule. It appears that appellants' process is absolutely dependent upon a machine, or machines, for which appellants have been allowed apparatus claims, and each of the method claims here involved states a function, and nothing more than a function, of the apparatus described in the allowed claims. Nowhere in appellants' specification is it pointed out how their process could be carried out except by means of apparatus for which they have been allowed claims, and we agree with the decision of the Board of Appeals wherein it is stated that " * * * it is not apparent how the alleged method could be performed independently of this specific apparatus or one having exactly equivalent corresponding elements."

These claims therefore clearly do not come within the third class described in the rule in Re Weston, supra.

It seems to us that appellants' so-called process is inseparably connected with the apparatus described by them, and for which they have been allowed claims. Their invention was not complete without apparatus with which to apply the process, and as the apparatus itself was inventive, and no other means are shown for applying the process, we do not see how it could be said that the process claims and the apparatus claims are both allowable.

In the case of American Lava Co. v. Steward, 155 F. 731, 738, decided by the Circuit Court of Appeals, Sixth Circuit, the court said:

" * * * No doubt it is competent, when the circumstances permit it, for an inventor in describing a machine or apparatus which he has devised, to make a claim for a process which his patented device is capable of carrying out. But to entitle him to do this the process must be one capable of being carried out by other means than by the operation of his patented machine, and, unless such other means are known or within the reach of ordinary skill and judgment, the patentee is bound to point them out; for, unless the public are informed by what other means the process can be carried on, the process is to them nothing else than the operation of the machine—in other words, the exercise of its functions. In the present case no other means or way of practicing the process are suggested by the patentee than the particular device on which his claim for the apparatus rests. * * * "

Appellants rely upon the case of Expanded Metal Co. v. Bradford, 214 U. S. 366, 29 S. Ct. 652, 53 L. Ed. 1034. This case, however, does not support appellants' position, for it appears from the opinion in that case that the process there involved could be carried out by hand; in other words, it was not absolutely dependent upon the machine there described. In the case at bar it does not appear that appellants' alleged process can be carried out in any other way than by apparatus for which they have been allowed claims.

In the case of In re Tallmadge, 37 App. D. C. 590, the court said:

"The patent law authorizes the issuance of a patent to any person who has invented or discovered any new and useful art, and a process may constitute such an art. To constitute such an art, however, it must be

capable of producing a beneficial result without the aid of any particular mechanism, for where the process is simply the function or operative effect of a machine, it is not an invention, but at most the result of one. * * * "

It is our view that the claims here involved are not allowable for the reason that they involve no more than the mere function of a machine for which claims have been allowed to appellants.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.