**DAVIES v. COE, Commissioner of Patents.**

No. 6592.

United States Court of Appeals for the District of Columbia.

Decided March 30, 1936.

Joseph H. Milans and Needham C. Turnage, both of Washington, D. C., for appellant.

R. F. Whitehead, Solicitor of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill, filed under section 4915, Rev.St. as amended (35 U.S.C.A. § 63), to authorize the issuance of a patent.

Appellant seeks a decree authorizing appellee to issue to him a patent for a superfluous hair remover. Claims 14 to 22, inclusive, are involved. Of these, 14 to 17, inclusive, are for an article of manufacture; and claims 18 to 22, inclusive, are for the method.

Claims 14 and 18, illustrative of the two groups, are here reproduced:

"14. An article of manufacture, comprising a hair remover for personal use, including a flexible carrier adapted to be rubbed over the hairy surface and having on its face an abrasive substance adapted to engage and break down the hair structure, said material being of a fineness and character to interengage with the hair structure but in normal use incapable of scratching or impairing the skin, and said flexible carrier being adapted to be held by the hand and conform under pressure of the latter to the hairy surface over which it is moved."

"18. The method of removing superfluous hair from the body, consisting in applying over the hairy surface an element having a layer of abrasive material of a fineness and character to interengage with the hair structure but in normal use incapable of scratching or impairing the skin, and gently rubbing the same over the hairy surface under a pressure to effect the breaking down of the hair structure without marring the skin."

The article of manufacture is a flexible abrasive paper adapted to be rubbed over

a hairy surface, the abrasive substance being of such fineness and character as to engage and break down the hair structure without scratching or impairing the skin.

The Patent Office tribunals rejected these claims on two references—British patent to Crossley, No. 6,089 (1886), and the United States patent to Bligh, No. 646,065 (1900).

The Crossley patent discloses an abrasive sheet coated with pumice stone (a volcanic substance).

The Bligh patent discloses a "Shaving Device" consisting of a handle supporting a frame, within which is mounted a roller. "The periphery of the roller [according to the specification] has an abrading-surface, preferably of emery, which surface may be formed on the roller, or, if desired, a strip of emery paper or cloth of suitable size, as shown at B, may be secured around the roller." The roller is rotated by an auxiliary device. Again quoting from the specification: "The abrading surface of the roller is held in contact with the face of the user and the roller given a continuous rotary motion at a high rate of speed and the roller moved over the face as the beard is worn away, the device to be used on a perfectly-dry face, no soap or water being used."

■ It does not appear that the Bligh device, although patented 35 years ago, was ever manufactured. The fact that it has not been manufactured, in view of the great demand for a shaving device, is convincing proof that it is valueless—merely an impractical idea. If the Bligh patent is suggestive of appellant's structure and method, it is strange that 35 years should have elapsed since the date of that patent before the public demand should have been met. It is in evidence that appellant's device has achieved great commercial success and that it is being sold "in every nation on the globe." Evidence of great utility may in some circumstances be accepted as evidence of invention. Wach v. Coe, 64 App.D.C. 235, 77 F.(2d) 113. Patents have been obtained in France, England, and Canada. It is a far cry from the Bligh theoretical and impractical shaving device, consisting of a rapidly revolving abrasive roller, to appellant's abrasive, which has been demonstrated to be practical and useful in removing superfluous hair.

■ Crossley in his patent of 50 years ago states that his invention relates to "emery and glass cloth and paper" and "polishing paper and cloth." He nowhere suggests

that any of those materials would be suitable for breaking down hair and removing same from the human body without harm to the skin. The disclosure of a foreign patent is to be measured not by what may be made out of it, but what is clearly and definitely expressed in it. In re Ek, 57 App.D.C. 203, 19 F.(2d) 677; Carson v. American Smelting & Refining Co. (C.C.A.) 4 F.(2d) 463. Appellant's method differs radically from Bligh. In fact, in the light of appellant's successful disclosure, it may be said that Bligh has taught the art what not to do instead of what to do. Under appellant's method his abrasive material is gently rubbed over a hairy surface "under a pressure to effect the breaking down of the hair structure without marring the skin." It is apparent that, should the Bligh abrasive roller be held in contact with the skin and rotated at a high rate of speed, the skin would be blistered and marred, if not destroyed. Applied to tenderer skin on parts of the body other than the face, the effect would be more severe.

■ We are clearly of the view that the Bligh patent, even when combined with the Crossley patent, does not anticipate appellant's disclosure.

Decree reversed.

Reversed.