35 C.C.P.A. (Patents)

### Application of MIDDLETON.
### Patent Appeal No. 5449.

Court of Customs and Patent Appeals.

May 4, 1948.

Oswald G. Hayes, of Manhasset, N.Y., and Robert F. Davis, of Washington, D.C., for appellant.

W. W. Cochran, of Washington, D. C., (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 17, 18, and 19 in appellant's application for a patent for an invention for a method of introducing reactants to a chemical process.

Claim 16 of the application was allowed by the board.

Claim 17, which is typical of the three rejected claims, reads: "In an alkylation process which includes reaction of an olefin with an isoparaffin in the presence of a liquid acid catalyst; the method of admixing fresh catalyst and fresh reactants with a stream of reaction mixture which comprises adding fresh catalyst to said stream and injecting the same as a plurality of parallel fine catalyst mixture streams longitudinally of a substantially cylindrical mixing zone maintained substantially full of liquid, withdrawing a fluid mixture from the end of said mixing zone toward which said catalyst mixture streams are directed, inducing cyclic flow of fluids in said mixing zone to cause fluids to flow longitudinally along the axis thereof from said end of said mixing zone toward said catalyst mixture streams and return flow along an annular path surrounding said flow toward said streams, injecting fresh reactants as a plurality of fine reactant streams into said return flow and rotating the points of injection of said reactant streams about the axis of said mixing zone; whereby said fresh reactants are dispersed uniformly through a stream of reaction mixture in which fresh catalyst has been uniformly distributed."

The appealed claims were rejected by the examiner, first, as being drawn to an exhausted combination of an alkylation process and a mixing process, and, second, as involving nothing more than the function of the apparatus disclosed in appellant's application. The former rejection was reversed by the board, leaving as the only issue to be considered here the question as to whether the appealed claims define merely the function of appellant's apparatus.

Appellant's application relates to the reaction of an olefin and an isoparaffin in the presence of a catalyst, and discloses a cylindrical chamber containing two opposed nozzles, one of which is fixed, while the other is mounted for rotation about an axis coinciding with that of the chamber. The fixed nozzle is supplied with a mixture of catalyst and reaction materials, while fresh reactants are supplied to the rotatably mounted nozzle. The fixed nozzle is provided with a plurality of openings which direct jets of liquid longitudinally of the cylindrical chamber. The rotatable nozzle comprises a number of radial blades, each of which has a plurality of tangentially directed orifices, through which the fresh reactants are fed into the cylindrical chamber. The reaction effect of the reactants will cause the nozzle to rotate, and the application states that additional rotating means may be provided if desired.

It is evident that the processes defined by claims 17, 18, and 19 are intimately related to the particular apparatus disclosed. That apparatus will inherently carry out the steps set forth in the appealed claims, and the application does not disclose any other use to which the apparatus may be put. Conversely, the application does not suggest any way in which the steps claimed can be carried out except by the use of the apparatus disclosed.

It is well settled that a process which is the mere function of an apparatus is not patentable, and that a process which cannot be carried out apart from a particular apparatus is the mere function of that apparatus. See In re Weston, 17 App.D.C. 431; In re Ernst et al., 71 F.2d 169, 21 C.C.P.A. (Patents) 1235, In re Wadman, 94 F.2d 993, 25 C.C.P.A. (Patents) 936, and authorities therein cited.

Counsel for appellant argue that it would be possible to perform the claimed processes by means of apparatus other than that disclosed in appellant's application, or even by hand and, in their brief they suggest modified forms of apparatus which, they allege, could be used for this purpose. The fact that appellant's application did not mention hand operation and did not suggest any modified form of apparatus, indicates that the modifications in question had not been thought of at the time the application was filed or were not thought to have any substantial value. It is clear that it would be impracticable to carry out the processes of the appealed claims by hand, and, although we have carefully considered the modifications suggested by counsel for appellant, we are of opinion that it has

not been disclosed that the claimed processes could be satisfactorily carried out by any apparatus differing substantially from that disclosed in appellant's application. It follows that the appealed claims are drawn to the mere function of the apparatus disclosed in appellant's application and were properly rejected for the reason stated.

Counsel for appellant contend that the processes claimed here involve chemical action and, therefore, cannot be merely the function of the apparatus. We disagree with that argument. See In re Charles P. Watson, 44 F.2d 868, 18 C.C.P.A. (Patents) 712, 715, and cases therein cited.

Although the reaction involved may be a chemical one, the reaction is not distinguishable from the function of the machine disclosed in appellant's application, even though that machine, if used in some other manner, might function differently. In their request for reconsideration by the Board of Appeals, counsel for appellant said: "There was not, then, and is not now, any attempt on the part of the applicant to cover any other process for which the apparatus disclosed in the drawings could be used. Such apparatus might conceivably be used for mixing liquid fuel and air, the softening of water, the preparation of esters, the manufacture of soaps, or any one of numerous other chemical processes."

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.

35 C.C.P.A. (Patents)
### Application of JENNINGS.
### Patent Appeal No. 5448.
Court of Customs and Patent Appeals.
May 4, 1948.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich., (John M. Kisselle, of Detroit, Mich., and Stephen W. Blore, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

