**SWITZER et al. v. MARZALL, Commissioner of Patents.**

**Civ. A. No. 597-49.**

United States District Court
District of Columbia.

March 16, 1951.

See also 95 F.Supp. 721.

Albert L. Ely, Jr., Cleveland, Ohio, Ely & Frye, Cleveland, Ohio, Bacon & Thomas, Washington, D. C., for plaintiffs.

E. L. Reynolds, Solicitor, and Joseph Schimmel, Washington, D. C., for defendant.

KEECH, District Judge.

This case is before the court on the defendant's motion requesting the trial court to apply to the Court of Appeals for remand. Defendant's motion is based on a claim of newly discovered evidence of which defendant was excusably ignorant, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and which defendant claims will show that plaintiffs' process neither attains a new result, nor exhibits the necessary quality of invention to entitle them to a patent.

The motion is supported by an affidavit by one Alexander Strobl, a manufacturer of luminescent colors and products, including fluorescent colors and fabrics, who states that at the request of the attorney for Dazian's, Inc., a manufacturer and vendor of fabrics in New York City, he has "performed certain experiments following the exact descriptions and instructions in British patent No. 1939 of 1906 to Charles D. Abel," that his experiments have resulted in daylight fluorescent fabrics, and that he makes his affidavit "without any personal interests in the outcome of any litigation in order that the facts may be made known." Appended to Mr. Strobl's affidavit are four swatches of fabric which it is alleged are the results of his experiments, together with advertising material showing his company, Stroblite Company, to be a dealer in fluorescent products.[1]

Plaintiff opposes defendant's motion on two grounds: (1) that the motion for remand should have been addressed to the appellate court, this court being presently without jurisdiction of the case; and (2) that the affidavit of Mr. Strobl is an insufficient showing of newly discovered evidence to justify reopening the case in the trial court for the taking of further testimony.

The court has given most careful consideration to the motion and opposition thereto.

As to jurisdiction of this court to entertain the motion to request remand, I find that the motion is properly before this court.[2] This is the practical view, since the trial court is familiar with the evidence adduced at the trial, and in a better position than the appellate court to evaluate the possible weight of the alleged newly discovered evidence, without reviewing the entire record.

As to the merits of defendant's motion, I find that the newly discovered evidence claimed is insufficient to warrant requesting a remand.

The Abel patent, now relied on as anticipation of plaintiff's process, is a foreign patent. "A foreign patent is to be measured as anticipatory, not by what might have been made out of it, but by what is clearly and definitely expressed in it. An American patent is not anticipated by a prior foreign patent, unless the latter exhibits the invention in such full, clear, and exact terms as to enable any person skilled in the art to practice it without the necessity of making experiments."[3]

Although Mr. Strobl states in his affidavit that he performed his experiments following the exact descriptions in the Abel patent, it is apparent on the face of the affidavit, by a comparison of his account of these experiments with the descriptions in the Abel patent, that he did not follow exactly the Abel descriptions.

As stated in Skelly Oil Co. v. Universal Oil Products Co., 3 Cir., 31 F.2d 427, 431:

"* * * Inferences as distinguished from disclosures, especially when drawn in the light of after events, cannot be accepted as a basis of anticipation.

"A patent relied upon as an anticipation must itself speak. Its specification must give in substance the same knowledge and the same directions as the specification of the patent in suit. Otto v. Linford, 46 L.T. (N.S.) 35, 44. It is not enough to prove that a method or apparatus described in an earlier specification can be made to produce this or that result. Flour Oxidizing Co. v. Carr & Co., 35 R.P.C. 457. A singularly sensible test of the rule of anticipation is given in British Thomson-Houston Co. v. Metropolitan Vickers Electrical Co., 45 R. P.C. 22, by asking the question—'Would a man who was grappling with the problem solved by the patent attacked, and having no knowledge of that patent, if he had had

1. This court rendered its decision granting issuance of patent to plaintiff on November 22, 1950. Mr. Strobl's affidavit is dated January 26, 1951, and does not disclose when he performed his experiments with the Abel patent.

2. Roemer v. Simon, 91 U.S. 149, 23 L.Ed. 267.

3. Carson v. American Smelting & Refining Co., 9 Cir., 4 F.2d 463, 465. See also In re Ek, 57 App.D.C. 203, 19 F.2d 677; Becket v. Coe, 69 App.D.C. 51, 98 F.2d 332.

the alleged anticipation in his hand, have said: "That gives me what I wish?" ' "

One seeking a method of producing daylight fluorescent fabrics having no knowledge of the Switzer disclosure and finding the Abel patent could not have said: "This gives me what I wish."

For the foregoing reasons, defendant's motion to request remand will be denied. Counsel will present an appropriate order.