**PATTINSON v. MARZALL, Commissioner of Patents.**

**Civ. A. 5319–49.**

United States District Court
District of Columbia.

Oct. 15, 1951.

788

John A. Blair, of Detroit, Mich., and John W. Nairn, of Washington, D. C., for the plaintiff.

Howard S. Miller, of Washington, D. C., for the defendant.

**HOLTZOFF, District Judge.**

This is an action under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63 against the Commissioner of Patents to procure a patent, the issuance of which he has denied.

The invention claimed to have been made by the plaintiff relates to a process of storing gas, in large quantities, in underground cavities. The storage of gas in underground cavities has been known for a great many years. It has been customary to use for that purpose porous rock constituting depleted oil-fields and gas-fields or water reservoirs. The plaintiff proposes to utilize what are called in the art salt cavities, namely, underground cavities containing salt beds, from which the salt has been extracted, by one process or another.

There is a presumption in favor of the findings of the Patent Office on questions of fact. This is especially true in instances in which the findings relate to technical or scientific matters, such as a finding that a particular step taken by the applicant for a patent does not constitute an exercise of the inventive faculty, but is the product of mechanical skill of persons skilled in the art. It is not sufficient to render lip-service to this presumption. It is a presumption that must be actually applied, and must be in the mind of the court in passing on cases such as this. In this instance, however, there are exceptional and unusual circumstances which seem to the court to overcome the presumption.

The Examiner of the Patent Office denied the application, in effect, on the ground that the step taken by the applicant did not constitute an exercise of the inventive faculty. The Examiner says: "It is not believed that the mere naming of the particular type of sub-surface reservoir, i. e., a preformed cavity in a salt bed, employed, constitutes a different method from a patentable standpoint." The Examiner also says the following: "Using this cavity as an underground storage reservoir for gas would be an obvious expedient in view of the teachings of the latter two writings which disclose that gas can be stored in available sub-surface reservoirs."

If the Board of Appeals had sustained the Examiner on the ground on which he predicated his decision, namely, that the forward step taken by the applicant did not constitute an exercise of the inventive faculty, the court might well be inclined to affirm the action of the Commissioner of Patents. But the Board of Appeals did not do that. The majority opinion of the Board is based on an expression of incredulity of the superiority claimed by the applicant for the type of cavity which he proposes using. It is a reasonable inference that the majority of the Board might have held that there was invention in this case, if they were convinced of the superiority of the plaintiff's choice of cavities. In any event, the majority opinion of the Board does not indicate that if the salt cavities are superior for the purpose for which the plaintiff intends to use them, the choice of such a cavity would not be considered an inventive step.

There is a concurring opinion on the part of one member of the Board, which expresses no opinion whatsoever, even by inference, as to whether there is invention in this instance. This member concurs on the narrow ground that a method claim is not allowable in such a case as this, as the method used for pumping gas into a container is the same, irrespective of the nature of the container and that, therefore, substitution of one type of container for another is not invention in respect to a process patent, whatever it may be in respect to a patent on a product. That the concurring opinion is incorrect, as a matter of law, appears from the decision of the Court of Appeals for the District of Columbia in Carbide & Carbon Chemicals Corp. v. Coe, 69 App.D.C. 372, 102 F.2d 236, in which process claims were allowed on an application for a patent involving the use of a particular type of coating for tin foil and a particular type of container.

So far as the majority opinion is concerned, its expression of incredulity is completely overcome by impressive and uncontradicted testimony introduced at this trial. This testimony was not available to the Patent Office in passing on the application. It is to the effect that the use of salt cavities has exceedingly marked advantages over the use of porous rock. The incredulity expressed by the majority opinion of the Board is further overcome by testimony that since 1950 the type of cavity proposed by the plaintiff has been in successful commercial use.

■ It is, of course, well-established that mere substitution of one material for another is not sufficient to constitute invention, even though the proposed material has some advantages over materials previously used. As is stated in the Carbide case, supra, 102 F.2d at page 240: " * * * there must have been inventive capacity as distinguished from mechanical or routine skill necessary to accomplish the substitution. If from the prior art or from the properties of the thing substituted, the substitution was obvious, no patent is allowable. If, on the contrary, it was not obvious, if inventive capacity was required to see the applicability to the use in question of the thing substituted, and the advantage in new and useful results or increase in efficiency or saving in operation, then a patent is to be granted."

■ The mere fact that the invention is simple is, of course, immaterial. Thornton v. Coe, 69 App.D.C. 383, 102 F.2d 247, 252. It is a well-known fact that many inventions are simple and obvious after they are made, but they result from a groping for years for a solution of a particular problem. Hindsight is better than foresight, and simplicity obvious after the fact is no answer to a claim of invention.

■ The court is of the opinion that the uncontradicted evidence has established important advantages to be derived from the use of salt cavities, as distinguished from porous rock. The very fact that workers in this art have been groping for some means of storing gas in underground cavities is significant. It was not until the plaintiff made his invention that the use of salt cavities occurred to them. The choice of the specific type of cavities is more than a step taken by the plaintiff as a person reasonably skilled in the art, but constitutes an exercise of the inventive faculty.

790

Considerable support is found for this conclusion in the prior art on which the Government relies, namely, an article by R. W. Miller, who, in discussing the use of porous rock in depleted gas fields as a means for storing gas, says: " * * * the problem of natural gas storage remains not completely solved for those cities not sufficiently fortunate to have an abandoned or depleted gas field adjacent to their limits."

The court is fully cognizant of the fact that the Commissioner of Patents, in defending these cases, labors under certain limitations in obtaining evidence to contradict evidence that may be adduced by the plaintiff. This is a matter, however, over which the court has no control. The court has to decide the case on the evidence before it.

Accordingly, it is the opinion of the court that a patent should issue. Judgment for plaintiff. Counsel will please submit proposed findings of fact and conclusions of law.