**PATTINSON et al., Plaintiffs,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

**Civ. A. No. 3640.**

United States District Court
District of Columbia.

Jan. 18, 1957.

Supplemental Opinion Feb. 11, 1957.

Conder C. Henry, Munson H. Lane, Washington, D. C., Herbert J. Brown, Fort Worth, Tex., for plaintiffs.

C. W. Moore, Sol., S. W. Cochran, Asst. Sol., U. S. Patent Office, Washington, D. C., for defendant.

McGARRAGHY, District Judge.

This is an action against the Commissioner of Patents pursuant to the provisions of 35 U.S.C. § 145, to direct the Commissioner of Patents to issue a patent on reissue application Serial No. 434,355 of plaintiffs for patent on Method of Storing Gases and Liquids, the patent to include claims 1 to 6 inclusive of the application.

The application is for the reissue of Patent No. 2,590,066 granted on application filed June 29, 1945 to the plaintiff Reginald L. Pattinson for storage of fluid hydrocarbons in a solution formed salt cavity. Such patent was allowed pursuant to a judgment of this Court in the case of Pattinson v. Marzall, Civil Action No. 5319–49, the opinion of this Court being reported in 100 F.Supp. 787, in which this Court reversed the Patent Office Board of Appeals in refusing to allow the claims contained in the patent.

The reissue application here under consideration was filed pursuant to 35 U.S.C. § 251, and the claims therein are narrowed as contrasted with the claims in the original patent, issuance of which was ordered by the judgment of this Court referred to above.

The reissue application is concerned with the storage of fluids which are not affected by salt, particularly hydrocarbon fluids such as butane or propane, frequently referred to as liquefied petroleum gases, in an underground storage cavity in a natural rock salt bed formed by dissolving the salt with water

and removing the saline solution, whereas the claims in the patent which is sought to be reissued were broad enough to cover such storage in mechanically mined salt mine or salt quarry as well as in a solution formed cavity.

In affirming the decision of the Examiner rejecting the claims in the application, the Board of Appeals relied upon the following references:

German Patent—298–459—November 17, 1919.

Tracy—1,960,932—May 29, 1934.

An article by R. W. Miller reported in the Proceedings of 30th Annual Meeting, American Institute of Refrigeration, May 12–13, 1941—Press of Ice and Refrigeration, Nickerson & Collins Co., Chicago, pages 164 and 165.

The plaintiff voluntarily added to the record a speech given by Alexander Iwan on February 9, 1899 to the Mining and Foundry Professional Group of the Austrian Engineering and Architect League, entitled "News about Rock Salt Mining at Heilbronn".

The prior decision of this Court, Pattinson v. Marzall, supra, was based on the same references now relied upon by the Patent Office, with the exception of the German patent and the Austrian paper. In other words, in reaching its decision, the Court had before it the Tracy patent and the Miller article, and, but for the citation by the Patent Office of the German patent, this case would be *res adjudicata*.

In considering the German patent, the Court should follow the well settled principle that "a foreign patent is to be measured as anticipatory, not by what might have been made out of it, but by what is clearly and definitely expressed in it. An American patent is not anticipated by a prior foreign patent, unless the latter exhibits the invention in such full, clear, and exact terms as to enable any person skilled in the art to practice it without the necessity of making experiments." Carson v. American Smelting & Refining Co.,

4 F.2d 463, 465, and cases cited. See also Becket v. Coe, 69 App.D.C. 51, 98 F.2d 332; In re Ek, 57 App.D.C. 203, 19 F.2d 677; Switzer v. Marzall, D.C., 96 F.Supp. 332.

Under the provisions of 35 U.S.C. § 101, a person is entitled to a patent for his invention or discovery subject to the conditions and requirements of that Title, which includes Sec. 102 stating conditions for patentability, and Sec. 103 dealing with "non-obvious subject matter".

Sec. 103 provides that:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

The Board of Examiners concluded "that the rejection of the claims as involving nothing patentable over the German disclosure particularly in view of the subsidiary art should be sustained."

In my opinion, this conclusion is erroneous and the method as defined in each of the six claims presented in the plaintiffs' application distinguished patentability from the prior art.

The German patent construed in its entirety describes storage of fluid hydrocarbon in a mechanically mined salt mine and cannot be construed to include storage in a solution formed salt cavity. No such cavity is described or suggested in the patent.

The Austrian paper proposes to store compressed air behind bulkheads in a mechanically mined salt mine.

Being of the opinion that neither the German patent nor the Austrian paper are anticipatory of the method de-

scribed in the claims of the plaintiffs, the decision of this Court in Pattinson v. Marzall, supra, controls this case and is *res adjudicata*.

I might say further, however, that neither the Tracy patent nor the Miller article could be considered as references indicating anticipation.

The Tracy patent, while disclosing a method of extracting salt from a natural salt bed by the solution method, contains no reference to the storage of fluids therein. The Miller article describes storage of natural gas in pipe lines, in above-ground storage tanks and in depleted gas fields, but makes no reference to storage in salt cavities of any kind.

Accordingly, a patent should issue on the reissue application.

Judgment will be entered for the plaintiffs. Counsel will submit proposed findings of fact and conclusions of law.

Supplemental Opinion.

On page 2 of the Opinion [148 F. Supp. 952] filed herein on January 18, 1957, the Court referred to the prior Opinion in Pattinson v. Marzall, Civil Action No. 5319-49, 100 F.Supp. 787, and stated that "but for the citation by the Patent Office of the German patent, this case would be *res adjudicata*."

It has been suggested that the further reference to Pattinson v. Marzall on the last page of the Opinion may be interpreted as a holding that Pattinson v. Marzall is *res adjudicata* as applied to the facts of the present case. This was not intended.

To avoid any misunderstanding, the second complete paragraph on the fourth page of the Opinion [148 F.Supp. 953], is amended by striking out the words "and is *res adjudicata*", and adding the words "insofar as the Tracy patent and the Miller article are concerned", so that the paragraph shall read as follows:

"Being of the opinion that neither the German patent nor the Austrian paper are anticipatory of the method described in the claims of the plaintiffs, the decision of this Court in Pattinson v. Marzall, supra, controls this case insofar as the Tracy patent and the Miller article are concerned."