**Application of Ben JACOBY, Jr. Patent Appeal No. 6838.**

United States Court of Customs and Patent Appeals.

Nov. 14, 1962.

---

Henry Powers, Edward J. Mahler, Robert Alpher, New York City, and Robert H. Bachman, Hamden, Conn., for appellant.

Clarence W. Moore, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge JOSEPH R. JACKSON, Retired.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 33, 34, 35, and 41 in application Ser. No. 559,-846, filed January 18, 1956, for "Radiator." Claims 3, 36, 37, 38, 40 and 42 stand allowed.[1]

Appellant's invention is disclosed as including two fluid-carrying "boiler pipes." Interconnecting these pipes are a plurality of radiator core fluid-carrying conduits. The main function of the conduits is to allow for rapid heat transfer from the fluid passing therethrough, to and through the walls of the conduits and thence to the surrounding air. The issue is the obviousness of including in the configuration of such conduits a constriction or "venturi" portion intermediate their ends. Appellant's specification discusses this configuration as follows:

"To increase the transfer of heat from the fluid in the conduits to the tubes it has been found to be particularly advantageous to provide the conduits with a venturi-tube configuration. This particular configuration provides for a scrubbing action by the fluid flowing through the conduits against the conduit walls so that the effect of an insulating film on the conduit walls is greatly reduced, if not for all practical purposes eliminated entirely."

Referring to the film in greater detail, the specification also states:

"Fluid flowing through a straight tube of substantially constant cross section inherently tends to create a film on the inside wall of the conduit. This film remains substantially fixed or static relative to the conduit wall and the fluid flowing through the conduit is moving relative to the film. In other words, the insulating film in effect serves as a liner within the conduit. By providing the radiator tubes with conduits having a venturi-tube configuration * * * the formation of an insulating surface film is retarded on the inner walls of the conduits because of the change in velocity of the fluid as it passes through the restriction in the venturi-tube and also, because of the turbulence of the fluid as it passes through a tube of this type."

Claim 34 is exemplary and reads:

"34. A heat exchanger comprising a pressure welded seamless metal sheet having internally disposed therein a tubular conduit bulged out of the plane of said sheet; pressure welded portions of said sheet laterally defining said conduit in said sheet and also forming a seamless integral extension of the walls of said conduit; and said conduit having at least one intermediate portion thereof narrowed into a constriction."

---

1. Claims 3, 38, 40 and 42 were originally allowed by the examiner. The examiner's rejection of claims 36 and 37 was affirmed by the board in its first decision but upon reconsideration, the board reversed this rejection.

The claims on appeal stand rejected as unpatentable over (1) the Grenell et al. patent, No. 2,759,247, disclosing heat exchanger cores having conduits bulged out of pressure-welded seamless sheets and (2) the Merritt patent, No. 1,900,-836, disclosing radiator conduits each having a single constricted or "venturi" portion intermediate their ends.[2] Merritt's specification contains the following explanation of why his radiator conduits are constricted:

> "An object of my invention is to so construct the liquid containing vessel that portions of the liquid contained therein will be frozen before other portions of the liquid contained therein, so that those portions of the liquid which freeze first will force by their freezing pressure the liquid which is to be frozen last to some other vessel or through an outlet provided in said vessel before freezing, thereby preventing the bursting of the vessel."

The examiner set forth his rejection, in part, as follows:

> "Claims 33–37 and 41 stand rejected as unpatentable over Grenell et al in view of Merritt on the ground that no invention exists in modifying the structure of the primary reference by providing the conduits 12 with 'at least one intermediate portion thereof narrowed into a constriction' * * *.
>
> *   *   *   *   *   *
>
> "Applicant's contentions that the several patents are deficient and are not related to the same art nor the same problems, is held to be untenable. * * * under any *normal operating condition*, to which Merritt's structure may be subjected, his tube is no different from that claimed in the instant case and thus it follows

that any increase in heat transfer, if any increase is obtained at all, will be inherent in Merritt and will answer the same problem. In any event, since both of the references are directed to heat exchanger structures they do not lose their validity as references by failure to describe in detail that which is obvious to those skilled in the art especially where the elements of a referenced apparatus in their normal and usual operation will perform the same fluid flow function by reason of its design."

The Board similarly stated:

> "The patents to Grenell et al. and Merritt are directed to the same art, namely an automobile radiator, and it is our opinion that it is obvious to one skilled in the art to provide the Grenell et al. conduits with *constrictions as and for the purpose disclosed by Merritt. * * *.* [Emphasis ours.]
>
> "There is no merit in appellant's argument that the Merritt patent is not a proper reference for the reason that a different use is contemplated in that patent for the constricted portion because (1) the claims before us are directed to a heat exchanger and do not mention any particular use for the structure described therein and (2) even if the claims did include a statement of the particular use disclosed in this application the same would be of no patentable import in view of the well established principle in patent law that the patentability of a claim to a structure cannot be predicated on a statement of use. To be patentable a claim to an article must distinguish structurally over the art and the structural distinction must

2. Appellant does not rely on the pressure welding limitations in his claims for patentability. Appellant states in his specification: "The radiator tubes, forming one phase of the invention, are formed by the process described in U. S. patent 2,690,002." In the Grenell et al. patent, supra, it is similarly stated: "The process of forming the expanded sheet is set forth and claimed in copending application of Leland H. Grenell, Serial No. 128,-116, filed November 18, 1949, now Patent No. 2,690,002, issued September 28, 1954."

be unobvious and involve invention." [3]

On reconsideration, the board rephrased its position by stating:

"While the criterion advanced and desired by the appellant is the usual one, which is supported by the several authorities relied upon by him in the petition, nevertheless the art should not be precluded from the use of the Merritt patent teachings *as and for the purpose disclosed in that patent.* * * * The fact that appellant has discovered a new property or function or result for a single constriction in each of the conduits, which incidentally must be inherent in the Merritt structure, is not sufficient to impart patentability to these claims."

Since all that portion of claim 34 down to the last clause thereof is not only clearly shown in Grenell et al. but conceded by appellant to be old, patentability rests entirely on the last clause which reads, "said conduit having at least one intermediate portion thereof narrowed into a constriction." The *structure* of the automobile radiator tubes shown in the Merritt patent clearly meets that claim limitation. Each of the tubes has a constriction intermediate its ends. Inherent in such a structure is the creation of turbulence in the fluid flowing through the constriction. We believe those of ordinary skill in the radiator art at the time of appellant's invention would have been well aware that such turbulence increases heat transfer efficiency. We further believe, as did the examiner and the board, that it would have been obvious to such persons of skill in the art to utilize in a radiator of the type disclosed by Grenell et al. tubes with constrictions as shown in Merritt *for the purpose disclosed by Merritt.*

While it is true that Merritt nowhere discusses turbulence or heat transfer efficiency and was concerned with producing tubes or conduits having resistance to rupture upon the freezing of their fluid contents, the problem cannot be approached on the basis that workers in the art would know only what they could read in the references. Those skilled in the radiator art must be presumed to know something about radiators apart from what the references disclose. Accordingly, it is here immaterial that Merritt does not *disclose* the function of improved heat transfer set forth in appellant's specification, since this is merely an *additional* attribute possessed by the Merritt structure which we feel would be obvious to one skilled in the art "in a use which one skilled in the art, following the teachings of the prior art, might make of it [i. e., to prevent radiator core conduit bursting due to freezing]." See In re Gauerke, 24 CCPA 725, 86 F.2d 330. See, also, In re Libby, 45 CCPA 944, 255 F.2d 412.

Inasmuch as we are of the opinion that *both* appellant's structure and the results attributable thereto would be obvious to one skilled in the art, the decision of the Patent Office Board of Appeals is affirmed.

Affirmed.

---

3. To add to the statement that it must be unobvious, as required by 35 U.S.C. § 103, the further statement that it must "involve invention" is merely to state the same legal proposition in two different ways. It would seem to suffice to state it once, and that, preferably, in the words of the statute.