**In re Hubert McCARTHY.**

**Appeal No. 84–1682.**

United States Court of Appeals,
Federal Circuit.

May 31, 1985.

Joseph W. Berenato and George A. Garvey, Shlesinger, Arkwright, Garvey & Fado, Arlington, Va., for appellant.

Robert D. Edmonds, Associate Sol., United States Patent and Trademark Office, of Arlington, Va., for appellee. With him on the brief were Joseph F. Nakamura, Sol. and Jere W. Sears, Deputy Sol., Washington, D.C.

Before BENNETT, NIES and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Hubert McCarthy appeals from the decision of the Patent and Trademark Office Board of Appeals (Board) upholding the Examiner's rejection of claims 16–19 of patent application Serial No. 302,134 as unpatentable for failure to meet the requirements of 35 U.S.C. § 103. We affirm.

**I.**

Mr. McCarthy's invention relates to shipping form units to be adhered to the outside of a container, to provide an accompanying weatherproof and damage-resistant set of form sheets. As shown below in a modified version of Figure 6 of the patent application, the unit includes first and second sets of multiple shipping forms, *14* and *16* respectively, attached at end portion *44*. First set *14* is housed in a heat-sealed adhesive-backed transparent envelope, the clear front panel of which is shown at *18*. Using various carbon paper interleaves, written shipping information inscribed on the top form of second set *16* is reproduced on all the forms in both sets, and after removal of second set *16* this information is visible through the envelope enclosing first set *14*. This is accomplished without removing any carbon paper from the first set by use of a sheet of double-faced carbon paper below a top sheet of very thin paper.

Fig 6

The Examiner's rejection relied on three prior art references: Alderman, U.S. Patent No. 4,153,163; Wolowitz, U.S. Patent No. 2,666,655, and Gardiner, U.S. Patent No. 3,987,960. The Examiner and Board held Mr. McCarthy's claims to be obvious over Alderman in view of Wolowitz, and also taken with Gardiner. Mr. McCarthy's position on appeal is that it was not proper to combine these references, since there is no suggestion in any reference for doing so. Mr. McCarthy asserts that the Board has merely engaged in a hindsight reconstruction of his device, by selecting isolated elements from various references—a practice this court has consistently deplored.

The Commissioner challenges this position, and asserts that since the Board's decision has "a rational basis" it must be affirmed.

## II.

The Commissioner, through the Solicitor, raises the threshold question of the scope of appellate review. The Commissioner urges the novel position that this court's role, in fulfillment of the mandate of 35 U.S.C. §§ 141–144, is limited to an inquiry as to whether the Board's decision has a rational basis. With respect to this appeal, the Commissioner states "[t]here is a rational basis for the Board decision. Consequently, there would not be reversible error therein."

 We have articulated, on occasion, the standard by which we review a Board determination that a claimed invention would have been obvious under 35 U.S.C. § 103. Obviousness is a conclusion of law. It is our responsibility, as for all appellate courts, to apply the law correctly; without deference to Board determinations, which may be in error even if there is a rational basis therefor. This principle controlled our predecessor court, see, e.g., In re Carleton, 599 F.2d 1021, 1024 n. 14, 202 USPQ 165, 168–69 n. 14 (CCPA 1979); In re Warner, 379 F.2d 1011, 1016 n. 6, 154 USPQ 173, 177 n. 6 (CCPA 1967) (obviousness is a legal conclusion), cert. denied, 389 U.S. 1057, 88 S.Ct. 811, 19 L.Ed.2d 857 (1968); and continues in this court, see, e.g., In re Andersen, 743 F.2d 1578, 1580, 223 USPQ 378, 380 (Fed.Cir.1984); In re De Blauwe, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984) ("we caution the Solicitor that obviousness is a question of law").

There is no authority for the asserted restriction of the scope of appellate review under 35 U.S.C. §§ 141–144 to a "rational basis" standard. Such a standard is inimical to our duty to ensure the legal correctness of the Board's decisions that are appealed, a duty entrusted to the courts.

## III.

 On review of the Board's decision concerning Mr. McCarthy's claimed invention, applying 35 U.S.C. § 103 as a matter of law, we conclude that Mr. McCarthy's invention as a whole would have been obvious to a person having ordinary skill in that art.

The Examiner and the Board correctly applied the cited references. Figure 1 of the Alderman reference, reproduced below, shows a combination envelope and multiple form unit. The envelope having a transparent cover sheet *11* is sealed along three edges and encloses detachable multiple forms with carbon sheets between them. These are interconnected at the open end of the envelope by a tear strip *27*. There is adhesive on the back of the envelope. Data are inscribed on an overlying sheet *22*. Removal of sheet *22* and the carbon sheets within the envelope makes it possible to view the data reproduced on the upper sheet inside.

FIG-1

The Examiner found substantial correspondence between Mr. McCarthy's concept and structure and that disclosed by Alderman. With Alderman the Examiner considered the Wolowitz disclosure of a dual-faced carbon sheet and heat-sealed envelope, and Gardiner's plurality of form sheets constituting a second set. Asserting that it would have been obvious to modify Alderman in accordance with Wolowitz, and to include multiple sheets in the second set as in Gardiner, the Examiner found, and we agree, that these prior teachings present a prima facie case of obviousness.

Appellant argues that his invention is different in a number of respects, and that the Board and the Examiner failed to view the invention as a whole and have improperly sought to reconstruct appellant's invention through hindsight.

Appellant criticizes the Examiner's position that it would have been obvious to heat-seal Alderman's envelope, stating that in such case the rear panel could not serve as a shipping label as taught by Alderman.

Appellant asserts that Wolowitz' use of heat sealing and double-faced carbon paper would not have made their use in appellant's invention obvious. In essence, Mr. McCarthy's argument in rebuttal of the prima facie case turns on the propriety of considering the teachings of these references together. Since the references all relate to multiple form sets, and the solution of problems similar to that solved by appellant, we agree with the Board that they may properly be considered as part of the prior art as a whole. *See Union Carbide Corp. v. American Can Co.,* 724 F.2d 1567, 1572, 220 USPQ 584, 588 (Fed.Cir. 1984). We conclude that Mr. McCarthy's invention would have been obvious in terms of section 103.

Appellant also argues that both Wolowitz and Alderman failed to appreciate the economies that are attainable by using separate front and back panels which are heat-sealed to form an envelope. Appellant submits that his avoidance of the higher production costs associated with glue is a consideration in the patentability of his inven-

tion. These aspects have been considered, but they do not change our conclusion

AFFIRMED.