854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re John H. DETRICK and Karen J. Detrick.
 No. 88-1263.
 United States Court of Appeals, Federal Circuit.
 July 13, 1988.
 
 Before NIES, PAULINE NEWMAN and MICHEL, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 John H. and Karen J. Detrick appeal from the decision of the United States Patent & Trademark Office Board of Patent Appeals and Interferences. That decision affirmed the examiner's final rejection of claims 1, 2, and 4-6 in their patent application, Serial No. 501, 515, under 35 U.S.C. Sec. 103 (1982) as obvious in view of the prior art. The five claims at issue represent all the claims remaining in the Detrick's application. We affirm.
 
 OPINION
 
 2
 The claims at issue disclose a method of treating lower back pain which includes supporting the patient's legs, particularly during sleep. The claimed support must have a diameter sufficient to raise the patient's knees a distance effective to straighten the lumbar vertebrae and a length sufficient to prevent the patient from falling off the support by rolling to the side or by spreading the legs. Conceding that a support having an effective diameter is well known, the Detricks' only argued distinction between the applied "Comfort Wedge" reference and the claimed invention is the relationship claimed between the length of the support and the patient's height.
 
 
 3
 The board held that the reference's statement, "Size-Medium for 5'6" and under, Large for 5'7" and over," explicitly teaches a range of sizes for the support in relation to the patient's height and that the device would not perform its function if it were of inadequate length to maintain the knees in position. The board further attributed to one of ordinary skill in the art the knowledge that taller persons generally have longer legs and would require longer supports for this purpose.
 
 
 4
 On appeal, the Detricks argue that the reference's statement does not suggest modifying the support's length and, consequently, that a prima facie case of obviousness is not established. Although they concede the reference teaches enlarging some dimension to accomodate larger patients, they argue the reference does not indicate what dimension--diameter, length, or some other--is altered. One difficulty with the Detrick's argument is that it treats the board's section 103 obviousness rejection as based solely on the "Comfort Wedge" reference and attacks that reference as inadequate alone. The board combined that reference, however, with specific knowledge it attributed to one of ordinary skill in the art. The Detricks do not challenge that part of the board's decision which does address the problem and its solution.
 
 
 5
 Under these circumstances, the fact that the reference itself does not discuss the problem is not dispositive. See, e.g., In re Jacoby, 309 F.2d 513, 516, 135 USPQ 317, 319 (CCPA 1962) (problem cannot be approached on basis that artisans would only know what they read in references; such artisans must be presumed to know something about the art apart from what the references disclose); In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969) (conclusion of obviousness may be made from "common knowledge and common sense of the person of ordinary skill in the art without any specific hint or suggestion in a particular reference").
 
 
 6
 The analysis performed by a predecessor of this court applies here:
 
 
 7
 Admitting the contentions that a problem was solved and a "decided improvement" made, we feel that if the art was advanced, as also claimed, the advance was the result of skill of the calling producing an obvious solution of a problem readily solved. This kind of advance does not merit patent protection.
 
 
 8
 In re Doran, 251 F.2d 848, 850, 116 USPQ 438, 440 (CCPA 1958).
 
 
 9
 In their reply brief, the Detricks acknowledge for the first time that the rejection combines asserted knowledge of one in the art with a specific reference. They refer to that combination as "conjecture" and argue that ordinary skill in the art cannot be invoked to show recognition of the problem and the inventors' solution. We find the Detricks' argument not only belatedly advanced but unpersuasive. Further, their arguments that the invention answered a long felt need and that others failed to solve the problem have no support in the record and appear to be an attempt to overcome the prima facie case. The record does not indicate that such issues were raised before the examiner or the board. In any event, the Detricks have failed to rebut the board's prima facie case of obviousness.
 
 
 10
 In sum, we find no reversible error in the board's decision and, accordingly, we affirm.