867 F.2d 615
 10 U.S.P.Q.2d 1175
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Joan A. DAVIS, Robert Adell, Howard Davis, Judith A.
Barnett and Serene Adell.
 No. 88-1489.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1989.
 
 Before MAYER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 This appeal is from a decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("board"), Appeal No. 87-2391, rejecting as obvious under 35 U.S.C. Sec. 103 (1982) all of the claims of the application filed by the appellants ("Davis"), Serial No. 765,488, covering their Revenue Collection Operating System. We affirm.
 
 OPINION
 
 2
 In our view, the board's conclusion that Davis' invention, as claimed, would have been obvious to one of ordinary skill in the pertinent field in view of U.S. Patent No. 4,363,489, issued to Chodak et al. ("Chodak"), was correct as a matter of law. See In re McCarthy, 763 F.2d 411, 412, 226 USPQ 99, 100 (Fed.Cir.1985) (on appeal a determination of obviousness by the board is reviewed for correctness as a matter of law). Much as recited in Davis' claims, the electronic system described in Chodak tracks or "registers" financial or "monetary transactions" (e.g., stock purchases and sales) engaged in by the system's users. Both systems update each user's "account" in accordance with an individual user's transactions, perform a "percentage computation" to obtain a fee for each transaction, and subtract from each user's account the computed fee for each of that user's transactions.
 
 
 3
 Davis argues, however, that because the teachings of Chodak are directed to an electronic brokerage game as opposed to a system for use in connection with the actual transfer of funds in a financial stream of monetary transactions, Chodak is not applicable as prior art and, therefore, does not render their claimed invention unpatentable.
 
 
 4
 The applicability of a reference as prior art is determined not in accordance with whether it is directed to a game or to "real world use," but in accordance with whether the teachings of the reference place it within the field of the inventors' endeavor or, alternatively, within a field reasonably pertinent to the particular problem which the invention addresses. See Finish Engineering Co., Inc. v. Zerpa Industries, Inc., 806 F.2d 1041, 1043, 1 USPQ2d 1114, 1116 (Fed.Cir.1986). It is beyond dispute that Chodak, even though directed to a game, addresses precisely the same type of problem with which Davis' invention is concerned. Accordingly, Chodak clearly discloses art which, if not directly within the inventors' field, is at least analogous and which was, therefore, properly applied against Davis' claims.
 
 
 5
 Alternatively, Davis contends that, notwithstanding the clear similarities between Chodak and their claims, Chodak does not render obvious their operating system because of certain additional features recited in their claims. Davis argues that, unlike what is disclosed in Chodak, their invention, as claimed, requires means for simulating the separate account of a broker or a collection register system, for transferring fees to the collection register system from the users' accounts, and requires means for transferring account funds "at periodic intervals from a first institution to a second institution."
 
 
 6
 The absence of express teachings of all the particular aspects of a claimed invention by the reference relied upon does not mean that the claimed subject matter is nonobvious, however. As the board observed, a reference is properly evaluated for reasonable inferences which one skilled in the art would draw therefrom, and not just for its specific, express teachings. In re Shepard, 319 F.2d 194, 197, 138 USPQ 148, 150 (CCPA 1963). Moreover, one of ordinary skill in the art is generally presumed to know something about the art apart from what the reference discloses. In re Jacoby, 309 F.2d 513, 516, 135 USPQ 317, 319 (CCPA 1962). In our view, the alleged differences between what is disclosed by Chodak and what is claimed by Davis either can be inferred from Chodak, or would be well within the knowledge of one of ordinary skill in the pertinent art.
 
 
 7
 All other arguments advanced by Davis but not specifically addressed here have also been considered and are determined to be unpersuasive. Accordingly, we affirm.