918 F.2d 186
 17 U.S.P.Q.2d 1731
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In Re James E. SPOONER.
 No. 90-1372.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1990.
 
 Before MARKEY, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 This appeal is from the decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board) affirming the rejection under 35 U.S.C. Sec. 103 of claims 6-9 in appellant's application serial No. 910,827, filed[1] September 23, 1986, for "Wine Bottle Closure," as obvious from the combined teachings of Barrett,[2] Taylor,[3] Faulstich,[4] and Meckler.[5] Because we have decided that the Board's findings of fact are not clearly erroneous and that its conclusions are correct as a matter of law, we affirm. See In re McCarthy, 763 F.2d 411, 412, 226 U.S.P.Q. 99, 100 (Fed.Cir.1985).
 
 OPINION
 
 2
 Spooner's invention, as disclosed in claims 6-8, comprises three distinct elements: (1) a cork or cork-like bottle closure, (2) possessing a recess to facilitate central guidance, and (3) the exterior face of said closure being essentially flush with the opening to the bottle. The examiner rejected claims 6-8 as being unpatentable over Barrett in view of Taylor and Faulstich. Barrett teaches the first and third elements of Spooner's invention while Taylor teaches the second element. Faulstich teaches the second and third elements. While no single reference discloses all three elements, it must be remembered that the rejection is based on Sec. 103 for obviousness and not on Sec. 102 for anticipation. See Kalman v. Kimberly-Clark Corp., 713 F.2d 760, 771, 218 U.S.P.Q. 781, 789 (Fed.Cir.1983), cert. denied, 465 U.S. 1026 (1984) (stating the test for anticipation under Sec. 102). Accordingly, all elements of the applicant's invention need not be disclosed in a single prior art reference to warrant a rejection of the claims.
 
 
 3
 The examiner, in applying the standard of Sec. 103, noted:
 
 
 4
 Barrett discloses a solid body constructed entirely of cork. The cork top is substantially flush with the bottle top and this is the intended position of applicant's cork when it is used. Furthermore, it is well known to close wine bottles by using a cork that has a top face that is substantially flush with the bottle top. Taylor teaches the use of a cylindrical recess which functions to center and guide a corkscrew. One of ordinary skill in the art would realize that such a centering and guiding recess could be formed in a solid cork (such as Barrett's) and that such a recess is not limited to use in a separate member. One of ordinary skill is also aware that the provision of a recess for centering and guiding a tool is well known in other fields. For example, recesses for centering and guiding have long been formed in wood prior to screwing a wood screw into a member and in metal prior to drilling. One of ordinary skill would find it obvious to form such a recess in a solid cork. One of ordinary skill would also find it obvious to form the recess in the cork and with its entrance essentially flush with the bottle top and at the top surface of the cork as taught by Faulstich.
 
 
 5
 Examiner's Answer at 3 (Jan. 26, 1988) (citations omitted). Accordingly, Taylor provides the recess for central guidance that is lacking in Barrett. This is exactly what the Board held: "Since appellant has done nothing more than what the combined teachings of Barrett, Faulstich and Taylor suggest, we are satisfied that the examiner has made out a prima facie case of obviousness with respect to claims 6 and 8." Decision of the Board of Patent Appeals and Interferences at 6 (Sept. 19, 1989). We agree.
 
 
 6
 Turning to the Sec. 103 rejection of claim 9 as being unpatentable over Taylor in view of Meckler. The examiner, in applying the Sec. 103 standard, noted:
 
 
 7
 Taylor teaches the use of a closure comprising a cork body and a disk having a centrally located hole for facilitating entry of a corkscrew. It would be obvious to design Taylor's closure such that the face of the disk is adapted to be mounted flush with the opening in a bottle as taught by Meckler.
 
 
 8
 Examiner's Answer at 4 (citations omitted). The Board agreed:
 
 
 9
 Indeed, the subject matter of claim 9 differs from Meckler's two-piece bottle closure ... only in that Meckler does not expressly state that the aperture through the upper disk portion has the effect of guiding a corkscrew. Such a function, however, is inherently performed by the central disk opening in Meckler's bottle closure, and in any case is expressly taught by Taylor. Thus, we are satisfied that the combined teachings of Taylor and Meckler suggest the subject matter of claim 9 to warrant a conclusion of prima facie obviousness with respect to that subject matter.
 
 
 10
 Decision of the Board of Patent Appeals and Interferences at 6-7 (Sept. 19, 1989). So do we.
 
 
 11
 Spooner contends that the combination of references initiated by the examiner and approved by the Board was motivated by hindsight. There is no doubt that the use of hindsight in making a Sec. 103 determination is prohibited. Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1143, 227 U.S.P.Q. 543, 551 (Fed.Cir.1985). However, we hold that the combination of references was proper and not motivated by the use of hindsight. See In re Keller, 642 F.2d 413, 425, 208 U.S.P.Q. 871, 881 (C.C.P.A. 1981).
 
 
 
 [1]
 The application at issue is a Continuation of Serial No. 775,707 filed September 13, 1985; a Continuation of Serial No. 489,545 filed April 28, 1983; a Continuation-in-Part of Serial No. 273,492 filed June 15, 1981
 2 U.S. Patent No. 1,162,017, issued November 30, 1915.
 3 U.S. Patent No. 3,559,834, issued February 2, 1971.
 4 U.S. Patent No. 3,970,207, issued July 20, 1976.
 5 U.S. Patent No. 4,182,458, issued January 8, 1980.