## In re ISHERWOOD.

### Patent Appeal No. 2366.

Court of Customs and Patent Appeals.

May 28, 1930.

George E. Tew, of Washington, D. C. (William E. Seaver, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel) for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This appeal involves the application of Joseph W. Isherwood, serial No. 710,574, filed June 12, 1924, for patent on certain alleged improvements in methods of constructing floating vessels. Six claims were involved, all of which were rejected by the Examiner by reference to the following: (Br.) patent to Millar, 106,124 (6,558 of 1917); (Br.) patent to Millar, 210,867 of 1924; (Br.) patent to Lambie, 13,712 of 1908; (Br.) patent to Asakawa, 115,237 (6,-825 of 1918); Isherwood, 1,029,546, June 11, 1912 (114–79).

This decision was affirmed by the Board of Appeals, the Board relying principally in its rejection upon the Lambie reference. All parties seem to agree that claim 4 is fairly typical of all the claims. It is as follows:

"4. A vessel provided with a longitudinal construction in its deck and bottom portions and involving widely spaced transverse and closely spaced longitudinal members and said vessel provided in its side portions with a plurality of closely spaced and shallow transverse members, devoid of reinforcements some of which are in line with said widely spaced deck and bottom transverse members and all of said framing extending to the side or deck plating of the vessel."

Applicant's claim for a patent involves his method for the construction of vessels, in particular those used for carrying cargo in their holds. In brief, his construction consists of a number of transverse frames extending throughout the length of the vessel, which frames consist each of a bottom frame, a deck frame, and "relatively shallow" side frames, so that these transverse frames, connected, completely encircle the interior space of the vessel. The applicant proposes to use more of these transverse frames than are ordinarily used in vessels having heavy transverse frames, and, in addition to the frames completely encircling the cargo space of the vessel, he proposes to insert additional side frames intermediate of the side frames connecting with the deck and bottom frames, which are fastened at top and bottom to the deck and bottom plates, or to longitudinal members extending through the vessel at the bilge.

The applicant uses no longitudinal side frames, and inserts, as longitudinal deck beams, a large number of comparatively small longitudinals. The theory of the applicant seems to be that by this method of construction he is able to get the same strength for the vessel, and to greatly increase the cargo space by the elimination of the large projecting beams which were the result of using the Isherwood system, as embodied in his patent 1,029,546, dated June 11, 1912.

It is true there is a considerable departure in this application from the original Isherwood plan. The Patent Office tribunals suggest that the appellant has reverted to the original type in use before his patent 1,029,546 was granted. Whether this be true or not, it is evident that the appellant, however excellent his construction may be, is anticipated by references which have been cited. The reference, Millar 106,124, shows substantially the same construction, having comparatively shallow side beams, and with additional beams interposed between each transverse frame entirely surrounding the cargo space. Millar also shows a plurality of comparatively small deck longitudinals, and has no side longitudinals. In Millar's patent, 210,867, a similar construction appears, and, while the drawings given show certain gussets which are not apparent in the appellant's application, Millar shows that these may be omitted.

We are unable to see, also, why the Lambie reference is not a complete anticipation of this application. Lambie shows shallow side transverse beams, plurality of deck longitudinals, and interposed shallow side beams.

It is contended by the appellant that the Patent Office has taken one feature from one reference, and another feature from another reference, combining them and thus attempted to justify a refusal of his application, and he insists that this cannot legally be done. While we are convinced this has not been done, it is true, as a matter of law, that, if the applicant has taken one feature from one patented device, and another feature from another patented device, and combined them, and has produced no results other than were produced by the original devices in their individual operation, he has invented nothing. In re Vissering, 57 App. D. C. 46, 16 F.(2d) 542; Elite Mfg. Co. v. Ashland (C. C. A.) 235 F. 893; Reflectolyte Co. v. Luminous Unit Co. (C. C. A.) 20 F.(2d) 607; In re Bayer (Cust. & Pat. App.) 35 F.(2d) 66. The converse of this proposition that, where a new and useful result is accomplished by this combination, there may be invention, is stated in Re Champeau (Cust. & Pat. App.) 34 F.(2d) 1012, and in Re Angert (Cust. & Pat. App.) 34 F.(2d) 1014.

The decision of the Board of Appeals is affirmed.