### In re ACKENBACH.
### Patent Appeal No. 2532.

Court of Customs and Patent Appeals.
Dec. 19, 1930.

Elwin M. Hulse, of Ft. Wayne, Ind. (Chas. E. Riordon, C. Russell Riordon, and Edgar J. Clarkson, all of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Earl Ackenbach filed his application, serial No. 221,908, in the Patent Office on September 26, 1927, claiming a patent for a process for producing advertising literature by combining paint stenciling with printing. The Examiner rejected claims 1, 2, 3, 5, 6, 7, 8, and 9, and this action was sustained by the Board of Appeals. The references relied upon by the Board of Appeals were as follows: Hiett's Manual of Stencil Screen Process Work, Indianapolis, 1926, page 38; Johnston, 1,189,453, July 4, 1916; Woodbury, 1,209,097, December 19, 1916; Beck et al., 1,254,764, January 29, 1918; Kem, 1,478,745, December 25, 1923; Tull, 1,622,747, March 29, 1927.

The Board of Appeals cited, as illustrative of all of the claims, claims 1, 3, and 5, and, inasmuch as it seems to be conceded that they are so illustrative, they are here given:

"1. The process of producing advertising literature having ornamentation which consists in outlining the ornamentation upon a screen, coating the screen temporarily in selected portions to make it impervious thereat, applying a selected color of paint to the screen, forcing the paint through the pervious portions of the screen onto paper and printing selected data on the paper at selected points."

"3. The process of producing paper advertising literature which consists in outlining upon a screen having a plurality of compartments, selected configurations coating the screen in each compartment except within the configurations to make the remainder of the screen impervious, applying paints of selected colors to the compartments, forcing the paints simultaneously through all the pervious portions of the screen onto a paper sheet and finally printing data on the sheet at selected points."

"5. That method of producing advertising literature and the like which consists in producing on a sheet of suitable material an artistic design by means of a silk screen, oil paint stenciling process, said design including a suitable space for printed matter, and thereinafter printing text in said space."

The applicant's process consists of producing painted advertising material on paper in one color or more, leaving spaces at proper places on the painted advertising material upon and in which, by means of ordinary printing press operations, printed matter may be placed. As detailed in his specifications and drawings, the process is, substantially, as follows:

A drawing or sketch of the design desired is painted on a sheet and then transferred to a silk screen by outlining the same on the screen. Then such portions of the drawing as are not to receive color are blocked off by coating the screen over said portions with some impervious coating, such as shellac. Paint of the proper color is then deposited on the screen, which screen is made of a thin silk material, and a squeegee is then drawn along, or across the screen and paint, and squeezes the paint through the silk screen upon the surface to be colored. The screen is then washed and the colored portion and blank portion covered, leaving exposed only so much of the screen as it is desired to color with another color, which color is then applied and squeezed through as before. As many operations follow as are desired, according to the number of colors to be applied. Finally, the coloring having been completed, the paper is removed and put in a printing press, where printed matter is inserted in the spaces left blank, according to the desire of the producer of the advertising matter. The result, as shown by samples produced before the court, is pleasing, and, as it further appears from the affidavits in the record, is one that has met with very considerable commercial success. In addition to what has already been detailed, the appellant also uses a multiple screen in which the several processes are carried on at the same time, thus making the work much more rapid of accomplishment.

Both upon the oral argument of the case and in his printed brief and argument counsel for appellant concedes that the individual steps in his alleged invention are not new,.

but contends that new and useful results are obtained and that the process is therefore patentable. On this point he states in his printed brief:

"The invention, as stated in the application filed in the Patent Office, contemplates the use of a known method of stenciling as a part of the complete process invented by this appellant, namely, as the means of applying paint. It further contemplates the use of another known art, namely, printing, as another portion of the new process. The invention resides in the combination of these two known arts primarily and further includes improvements in the use of these arts as applied to the articles resultant from the complete new process. * * *

"Appellant concedes that there is no broad novelty in his main steps considered per se, but claims as his invention the combination of these main steps, together with certain improvements thereof and points to the beautiful effects, the entirely novel results and the heretofore unattainable advantages made possible only by the combination of steps forming his invention."

The issue, therefore, is whether any new and useful result is obtained by appellant's process, for it is well settled that, if the appellant has merely taken one device known to the art, and another device likewise so known, and has combined them, and has produced no results other than were produced by the original devices in their individual operation, he has invented nothing. In re Isherwood (Cust. & Pat. App.) 40 F.(2d) 987; McClain v. Ortmayer, 141 U. S. 419, 428, 12 S. Ct. 76, 35 L. Ed. 800; Olin v. Timken, 155 U. S. 141, 155, 15 S. Ct. 49, 39 L. Ed. 100; Duer v. Lock Co., 149 U. S. 216, 13 S. Ct. 850, 37 L. Ed. 707.

In view of the concessions of appellant that the individual elements of his alleged invention are not new, we might content ourselves with discussing only whether any new and useful result has been obtained. A brief summation of some of the references, however, is, perhaps, advisable.

The Beck reference discloses a method of printing colored pictures and designs upon smooth surfaces, including paper, and is accomplished by the use of a silk screen, which is blocked out by impervious matter, such as shellac, in practically the same manner in which the appellant proposes to accomplish his results. We consider this reference, so far as the coloring of the paper or other material is concerned, to be a complete anticipation of that portion of appellant's application.

The Kem reference shows the use of a similar silk screen; the only appreciable distinction between his method and that of appellant's being that Kem uses stencils instead of coatings of impervious material on his silk screen.

Further comment on the references as to this portion of appellant's method are unnecessary. Plainly there is nothing new or novel in the use of a screen, as the applicant shows it.

In counsel's argument, it is strenuously insisted that, inasmuch as some of the references are to device patents, and not to process patents, they should not be held to be proper anticipations of the application herein. In support of this position, counsel cites the rule that a process can only be anticipated by showing an earlier similar process. This principle, he suggests, is sustained by Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 22 S. Ct. 698, 46 L. Ed. 968; Buckeye Incubator Co. v. Blum (D. C.) 17 F.(2d) 456, and other cases.

Carnegie Steel Co. v. Cambria Iron Co., states the rule to be that a process patent is not anticipated by a mechanism which might, with slight alterations, be adapted to carry out that process, unless such use of it would have occurred to one whose duty it was to make practical use of the mechanism described. That case, however, as do other authorities, recognizes the rule that, if a previously patented device, in its normal and usual operation, will perform the function which an appellant claims in a subsequent application for process patent, then such application for process patent will be considered, to have been anticipated by the former patented device. Re Chapman, 41 App. D. C. 258; Claude Neon Lights v. Machlett & Son (C. C. A.) 27 F.(2d) 702-708; In re Watson (Cust. & Pat. App.) 44 F.(2d) 868.

Appellant claims that up to this time no one has ever invented a process of a combination of painted pictures and printed matter such as he is able to obtain with his process. The Kem reference shows printed matter in the drawings accompanying the reference, as does the Tull reference. In these references, however, we take it the printed matter is the result of a stenciling process, and not the result of printing by means of a press. The Johnston reference, however, which is mainly relied upon by the Patent Office to meet this claim, plainly shows a

machine to produce a combination of painted and printed matter, the specifications reciting, in part:

"In general, this invention consists in apparatus for carrying a stencil in contact with a moving sheet, and for spraying the color through the stencil on the desired portion of the sheet. This may be done without any connection with the printing press or it may be done either before or after the sheet has been printed but, in practice, I prefer to use it in connection with a printing press and after the sheet has been printed on, as shown in the drawings."

Obviously, this is a complete anticipation of a combination of printed and painted matter. If the claimed novelty in appellant's application consists of a combination of printed and painted advertising matter, and does not rest upon the particular mechanism with which this result is accomplished, then the Johnston reference is a bar to his proposed patent.

Appellant contends that he has shown novelty in employing a multiple screen where several parts of the operation can be conducted at the same time. The Board of Appeals has referred, in this respect, to Hiett's Manual on Stencil Screen Process Work, published in April, 1926, page 38. The reference is in point, and shows a multiple screen used for the same purpose as is that of appellant here. In this respect, therefore, appellant has shown no novelty.

We believe, from an inspection of the application herein, that the results, which have proved so commercially successful for appellant, have been due, not to the novelty of his process, but to superior workmanship and practice. It must be a matter of common knowledge that for many years, in the printer's art, it has been the practice in job printing to insert cuts of various kinds, and to arrange printed matter about them in such a way as to make an attractive and unusual dsiplay. In this art there are experts who are able to accomplish much better results than the ordinary workman. So it is here. The appellant has made a commercial success, not because of any novelty in either his device or process, but because of his skill and good workmanship. These things do not give him the right to the issuance of a patent.

Nor can commercial success alone be deemed sufficient to render a device or a process patentable. It is only in doubtful cases, where it is questionable if patentability exists, that commercial success will be permitted to turn the scales in favor of the issuance of a patent. Where it is obvious there is no patentability, commercial success is immaterial. In re Kirke (Cust. & Pat. App.) 40 F.(2d) 765; Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527.

The decision of the Board of Appeals is affirmed.

Affirmed.