**In re William J. KING.**

**Appeal No. 86–915.**

United States Court of Appeals, Federal Circuit.

Sept. 19, 1986.

Henry C. Nields, Concord Professional Center, Concord, Mass., argued, for appellant.

Charles A. Wendel, Associate Sol., Arlington, Va., argued, for appellee. With him on brief were Joseph F. Nakamura, Sol., and Fred E. McKelvey, Deputy Sol.

Before RICH and DAVIS, Circuit Judges, and BENNETT, Senior Circuit Judge.

RICH, Circuit Judge.

This appeal is from the Board of Patent Appeals and Interferences (board) decision affirming the examiner's rejection of all four method claims in appellant King's application serial No. 223,840, filed January 9, 1981, for "Light Control with Color Enhancement" for anticipation under 35 U.S.C. § 102 by the U.S. patent to Donley, No. 3,978,272, for "Coated Article for Solar Control and Process for its Production," issued August 31, 1976. We affirm.

*Background*

Appellant's invention relates to the use of interference effects to provide control of intensity and color in the transmission of light through solid panes of substantially transparent material such as windows and eyeglass lenses. In particular, appellant claims a method of *enhancing* colors pro-

duced by interference effects from various films applied to the panes. The claims in issue are unusual. They are neither method of manufacture claims nor method of use claims. What they appear to be, and the board so found, is a description of what happens when the *structure* disclosed in appellant's application and, arguably, disclosed in Donley, is placed in ambient light. Claim 1, the only independent claim, reads:

1. A method of enhancing in a predetermined way color effects produced by ambient light while controlling light intensity produced thereby, comprising the following steps:

reflecting with a phase change substantially equal to $\pi$ radians between 1 and 25% of the ambient light at an interface while permitting substantially all of the remainder to continue as transmitted light,

permitting said transmitted light to travel without reflection and with absorption insufficient to mask the desired enhancement to an absorbing layer and then

reflecting a portion of said transmitted light at said absorbing layer while permitting the remainder to continue as retransmitted light,

the distance between said interface and said absorbing layer being not less than that required to produce interference, between light reflected from said interface and light reflected from said absorbing layer and subsequently transmitted back through said interface, at some wavelength in the visible spectrum capable of influencing the desired enhancement and not greater than that at which such interference occurs at so many wavelengths in the visible spectrum that color effects are negligible.

The three claims depending from claim one are not argued separately and therefore stand or fall with that claim. *In re Sernaker*, 702 F.2d 989, 217 USPQ 1, (Fed.Cir. 1983); *In re Burckel*, 592 F.2d 1175, 201 USPQ 67 (CCPA 1979).

In the parent of the application on appeal, appellant claimed an optical apparatus comprising two coatings—semi-reflective and dielectric—on a pane of glass that enables the ratio of the amount of light transmitted through and the amount of light reflected from the window, and the color of light observed emanating from the window, to be varied in a predetermined way. That application also included the method claims on appeal. The claims in the parent application were rejected under § 102 as anticipated by Donley, and that rejection was affirmed by the board on appeal. Appellant filed a continuation application containing all of the original claims, both article and method, and later canceled the article claims. The remaining claims, those on appeal here, are all denominated method claims.

The article disclosed in the instant specification and defined by the article claims in the previous appeal comprises a substantially transparent substrate first coated with a semi-reflective material, such as silver, to a thickness of 500–5,000 angstroms and then coated with a metal oxide material (a dielectric), such as titanium oxide, over the semi-reflective coating. By varying the thickness of the metal oxide layer and the amount of semi-reflective material deposited on the glass (substrate), the color of the light reflected from the glass toward the light source can be varied and, importantly, so can the degree to which that color is enhanced, respectively. If the metal oxide coating is thick, the color is deep. If the semi-reflective coating is too meager, light incident on the backside of the glass (e.g., from inside a building) will be transmitted through the glass and wash the color out. If the semi-reflective coating is too substantial, too much light incident the front side of the glass will be reflected back toward the natural light source also tending to wash out the chosen color as viewed from the light-side of the glass.

Certain wavelengths of visible light (i.e., colors) are enhanced because light rays reflecting off the outside of the metal oxide layer interfere constructively with (i.e., add to) rays that pass through the metal oxide layer but that are reflected off the semi-re-

flective layer. Constructive interference occurs because some of the rays at a given wavelength that reflect off the semi-reflective layer and come back toward the light source through the metal oxide layer are in phase with those of the same wavelength reflecting off the metal oxide layer, a result dependent upon the indices of refraction of both layers and the thickness of the metal oxide layer. Thus, certain colors can be created in a calculable way by varying the thickness and composition of the metal oxide layer and enhanced by varying the degree to which the semi-reflective layer reflects light, an effect in turn dependent upon that layer's composition and quantity. Appellant discloses the relevant scientific formulae of interference and reflection of light waves in his application, but further detail here in that regard is not necessary.

### The Donley Reference

The Donley patent discloses an article of manufacture comprising a transparent glass substrate, a film containing silver bonded to the substrate, and a second film of metal oxide of 200–800 angstroms, formed over the first film. The resultant article provides, according to the abstract, "solar energy control and production of architectural colors." The ratio of light transmitted to that reflected, as well as the transmitted and reflected colors of the article, can be altered "by varying the thickness of the films and/or the selection of the metal oxide overcoat." Donley does not disclose that the above effects are due to interference of light waves reflecting from the metal oxide overcoat and the silver film layer.

### Issues

■ The issue of greatest import is whether an article of manufacture in the prior art can be used to support an anticipation rejection of method claims that, in essence, simply define what happens when that article of manufacture is placed in the environment in which the article will be used. We take the opportunity to reaffirm holdings of the Court of Customs and Pat-

ent Appeals, while addressing important subsidiary issues as well.

### OPINION

#### *Anticipation, § 102*

It is axiomatic that anticipation of a claim under § 102 can be found only if the prior art reference discloses every element of the claim, and that anticipation is a fact question subject to review under the clearly erroneous standard. *Lindemann Maschinenfabrik v. American Hoist and Derrick*, 730 F.2d 1452, 1457, 221 USPQ 481, 485 (Fed.Cir.1984). Our review of a finding of anticipation is the same whether it was made by the board or by a district court.

■ Under the principles of inherency, if a structure in the prior art necessarily functions in accordance with the limitations of a process or method claim of an application, the claim is anticipated. This is not to say that the discovery of a new use for an old structure based on unknown properties of the structure might not be patentable to the discoverer as a process. *In re Hack*, 245 F.2d 246, 248, 114 USPQ 161, 163 (CCPA 1957).

#### *Article of Manufacture Used to Support a Rejection for Anticipation of Method Claims*

Appellant first argues that it is absurd to reject method claims on the ground that they are anticipated by a disclosed article of manufacture. However absurd it may seem to appellant, the law is, and long has been, that "if a previously patented device, in its normal and usual operation, will perform the function which an appellant claims in a subsequent application for process patent, then such application for process patent will be considered to have been anticipated by the former patented device." *In re Ackenbach*, 45 F.2d 437, 439, 7 USPQ 268, 270 (CCPA 1930) (citing with approval *Claude Neon Lights v. E. Machlett & Son*, 27 F.2d 702, 707–08 (2d Cir.1928)). *Accord In re Watson*, 44 F.2d 868, 870, 7 USPQ 113, 115 (CCPA 1930); *In re Ernst*, 150

F.2d 133, 135, 66 USPQ 71, 73 (CCPA 1945) (citing with approval *In re Ackenbach,* supra). *See generally Carnegie Steel Co. v. Cambria Iron Co.,* 185 U.S. 403, 22 S.Ct. 698, 46 L.Ed. 968 (1902) (prior art *device* anticipates later *process* if device carries out process in normal operation). *Cf. In re Tarczy-Hornoch,* 397 F.2d 856, 158 USPQ 141 (CCPA 1968) (a process claim, otherwise patentable, should not be rejected *merely* because the application of which it is part discloses apparatus which will inherently carry out the recited steps).

■ The board found that Donley "clearly discloses the same article of manufacture disclosed in appellant's specification" —a substrate covered by a silver-containing film and by a titanium metal oxide; that, as the appellant concedes in his brief before us, the thicknesses specified in the Donley reference are the same as those in the instant application over a nontrivial range, namely 500–800 angstroms; and that claim 1 "merely recites steps describing the effect of ambient light transmitted to and through appellant's optical apparatus" and therefore that the Donley device inherently performs the function disclosed in the method claims on appeal when that device is used in "normal and usual operation." We hold that the board made out a prima facie case of anticipation under the principles of inherency of appellant's claimed method. *See In re Ackenbach; Lindemann,* supra.*

Appellant has failed to show that the board's finding of anticipation was clearly erroneous. Its failure is perhaps in part due to appellant's misapprehension of its burden at the PTO and therefore its failure in the PTO to introduce evidence—on which it could have relied here—sufficient to rebut the board's prima facie case of anticipation of the claimed method.

■ Contrary to appellant's reasoning, after the PTO establishes a prima facie case of anticipation based on inherency, the burden shifts to appellant to "prove that the subject matter shown to be in the prior art does not possess the characteristic relied on." *In re Swinehart,* 439 F.2d 210, 212–13, 169 USPQ 226, 229 (CCPA 1971). *Accord In re Fitzgerald,* 619 F.2d 67, 70, 205 USPQ 594, 596 (CCPA 1980), *quoted with approval in In re Thorpe,* 777 F.2d 695, 698, 227 USPQ 964, 966 (Fed.Cir.1985); *In re Best,* 562 F.2d 1252, 1255, 195 USPQ 430, 433–34 (CCPA 1977); *In re Ludtke,* 441 F.2d 660, 664, 169 USPQ 563, 566 (1971). Here, appellant's burden before the board was to prove that Donley's structure does not perform the so-called method defined in the claims when placed in ambient light. Appellant did not satisfy that burden. It did not suffice merely to assert that Donley does not inherently achieve enhanced color through interference effects, challenging the PTO to prove the contrary by experiment or otherwise. The PTO is not equipped to perform such tasks. *See In re Brown,* 459 F.2d 531, 535, 173 USPQ 685, 688 (CCPA 1972), *quoted with approval in In re Fitzgerald; In re Best,* supra.

■ The board's finding of anticipation based on the finding that all that need be done to perform what appellant's claims recite is to place the Donley article in ambient light cannot be clearly erroneous in the face of the supporting evidence (1) that Donley's and appellant's structures are the same, as the board found both here and in the prior appeal, and (2) that Donley expressly states that the thickness of its reflective layer and the thickness and composition of its metal oxide layer can be varied to achieve different reflectance and transmittance characteristics and colors. The only arguable shortcoming we see with

---

* We need not consider the Grubb reference—cited by the examiner as evidence that the interference color characteristics of prior art dielectric oxide films are related to their thicknesses—because the board stated in its opinion that the rejection here was based on anticipation of the method claims by the Donley reference alone.

Similarly, we need not, and must not, consider the accidental use doctrine because the board expressly stated that argument was not properly before it and would not be considered.

Donley respecting its adequacy to support an anticipation rejection is Donley's failure to articulate a scientific explanation of why his structure behaves as it does, namely, that optical interference causes color which changes when the thickness of the metal oxide layer is varied. Finally, to the extent that appellant thinks he is entitled to a patent because he sets out the scientific formulae explaining what happens to light as it passes through the device, it is well settled that he is not so entitled. *See Parker v. Flook,* 437 U.S. 584, 98 S.Ct. 2522, 57 L.Ed.2d 451, 198 USPQ 193 (1978).

### Conclusion

The decision of the board is *affirmed.*

AFFIRMED.