837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Thomas G. KUGELE.
 No. 87-1184.
 United States Court of Appeals, Federal Circuit.
 
 Dec. 17,1987.
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 The United States Patent and Trademark Office, Board of Patent Appeals and Interferences (board), Serial No. 90/000,583, sustained rejections under 35 U.S.C. Sec. 102(b) and under 35 U.S.C. Sec. 103, in an application for reexamination of U.S. Patent No. 4,360,619. We affirm.
 
 OPINION
 
 2
 U.S. Patent No. 4,360,619 relates to stabilization of halogen-containing polymers such as polyvinyl chloride (PVC) with compositions to minimize discoloration caused by heat. The claims (1-37) are directed to the compositions and to the process for stabilizing with such compositions and to a pipe comprising a halogen-containing polymer stabilized with such composition.
 
 
 3
 In an application for reexamination, claims 1, 4, 12, 23, 26 through 30, 33, 36, and 37 were rejected under 35 U.S.C. Sec. 102(b) as being fully met by Hechenbleikner. As part of the Sec. 102(b) rejection, reference to other prior art was made to show that a claimed composition is inherently formed from the teachings of Hechenbleikner. The examiner, additionally, rejected claims 1-37 as obvious over the prior art under 35 U.S.C. Sec. 103.
 
 
 4
 The board affirmed the examiner's rejections, finding that neither the prima facie case under Sec. 102(b) nor the prima facie case under Sec. 103 were successfully rebutted by evidence submitted in support of the patentability of the claims. We find no error in the board's affirmance of those rejections.
 
 
 5
 Appellant asserts that the board improperly placed the burden of proof on appellant to demonstrate that the claimed composition is not an inherent result of the teachings of the prior art. To the contrary, once a prima facie case of anticipation based on inherency is established, the burden shifts to appellant to prove that the subject matter shown to be in the prior art does not possess the relied upon characteristic. In re King, 801 F.2d 1324, 1327, 231 USPQ 136, 138 (Fed.Cir.1986).