862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The PROCTER & GAMBLE COMPANY, Plaintiff-Appellant,
Raychem Corporation, Plaintiff,
v.
KIMBERLY-CLARK CORPORATION, Defendant-Appellee.
 No. 88-1331.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1988.
 
 Before FRIEDMAN, BISSELL and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Northern District of Texas, Civil Action No. CA 3-85-1539-G (July 23, 1987), in accordance with the jury verdict that U.S. Patent No. 3,639,917 ("Althouse") is invalid because anticipated by the prior art, and the order denying Procter & Gamble's motions for JNOV and for a new trial, are affirmed.
 
 OPINION
 
 2
 The article claimed in the Althouse patent was described in the 1956 German patent issued to Pohl. We are not convinced by either distinction Procter & Gamble attempts to draw between Althouse and Pohl: that Pohl mentions only "lightly vulcanized" rubber and not natural rubber, which is the only heat-shrinkable rubber; and that Pohl fails to mention that rubber must be "racked" before it is heat-shrinkable.
 
 
 3
 There was evidence at trial that of the six or eight lightly vulcanized rubbers known in the 1950s, only natural rubber was heat-shrinkable, and that one skilled in the art would have known that. Pohl's failure to mention the process of racking, is of no moment because evidence showed that all heat-shrinkable rubber is racked, which, again, one skilled in the art would have known.
 
 
 4
 Anticipation requires that every element of the claim be described in a single prior art reference, see In Re King, 801 F.2d 1324, 1326, 231 USPQ 136, 138 (Fed.Cir.1986); Studiengesellschaft Kohle, M.B.H. v. Dart Ind., 726 F.2d 724, 726-27, 220 USPQ 841, 842 (Fed.Cir.1984), but it is sufficient if the elements are "either expressly or inherently described" in the reference, see Verdegall Bros. v. Union Oil Co. of Ca., 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed.Cir.1987), as they were here. There is substantial evidence to support the jury's finding that the Althouse patent was anticipated by the prior art and the district court was correct in denying the motion for JNOV. In light of this disposition, we do not reach the other assignments of error.
 
 
 5
 We also decline to disturb the district court's denial of a new trial because Procter & Gamble has not shown error that deprived it of a fair trial even in those instances where it saw fit to object at trial.