878 F.2d 1447
 12 U.S.P.Q.2d 1235
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Paul OPPRECHT.
 No. 89-1137.
 United States Court of Appeals, Federal Circuit.
 June 26, 1989.
 
 Before FRIEDMAN, NIES and MAYER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, In re Paul Opprecht, Appeal No. 88-1888 (Sept. 22, 1988), affirming an examiner's rejections, under 35 U.S.C. Secs. 102(b) & 103 (1982), of claims 7, 9-10, and 24-26 during reexamination (Reexamination Control No. 90/001, 056) of Opprecht's United States Patent No. 3,824,235 ('235). We affirm.
 
 OPINION
 
 2
 The board rejected all claims at issue, except claim 24, as anticipated by Opprecht's own West German patent application ("Offenlegungsschrift") No. 2,102,783 (DOS '783), which was published more than one year before the inventory filed the application which became the '235 patent. It rejected all claims, including claim 24, as obvious from DOS '783 in view of a standard materials engineering textbook, L. Van Vlack, Elements of Materials Science 148-53 (2d ed. 1964).
 
 
 3
 Opprecht has failed to show clear error in the board's finding of anticipation. In re King, 801 F.2d 1324, 1326, 231 USPQ 136, 138 (Fed.Cir.1986). DOS '783 specifically discloses the subject matter of the rejected claims: "As a result of the flattening [by rolling], ... no further elongation of the electrode wire results from the welding process." Opprecht contends that DOS '783 does not anticipate his claims because it does not explain why additional elongation does not occur. The reference need not provide such an explanation, however, to anticipate. See id. at 1327-28, 231 USPQ at 139 (failure to articulate scientific explanation of why invention behaves as it does does not undermine anticipation rejection).
 
 
 4
 As a corollary to that contention, Opprecht asserts that DOS '783 is ambiguous because it does not disclose whether further elongation is prevented by cold working or by the decrease in surface pressure between a flat (as opposed to round) wire and the weld blank. Although some prevention of elongation may be due to decreased pressure, we agree with the board that DOS '783 discloses cold working as a way to prevent additional elongation.
 
 
 5
 It is undisputed that decreasing, by cold working (e.g., rolling), the cross-sectional area of weld wire causes an increase in hardness and prevents further elongation of the wire under the "conventional" weld conditions and materials claimed. Opprecht contends that DOS '783 merely discloses reshaping round wire by rolling, and that the wire's cross-sectional area is not necessarily decreased. The board's evidence convinces us, however, that rolling will cause elongation and a necessary reduction in area given the constant volume of metallic weld wire. Opprecht states that tests could show it is possible to flatten weld wire by rolling without decreasing area. No evidence of such tests, however, or any other evidence, was presented to rebut the board's prima facie case of anticipation. Accordingly, because we find the board's reasoning persuasive that it has proven a prima facie case of anticipation as to claims 7, 9-10, and 25-26, we affirm the rejection of those claims.
 
 
 6
 In what the solicitor characterized as an oversight, the board did not include claim 24 within its anticipation rejection. Instead, that claim was only rejected as obvious from DOS '783 in view of the textbook. As a preliminary matter, we accept that the textbook is only relevant to show what a person of ordinary skill in the welding art would know. See In re Jacoby, 309 F.2d 513, 516, 135 USPQ 317, 319 (CCPA 1962) (obviousness question cannot be approached on basis that skilled artisans would only know what they read in references; such artisans must be presumed to know something about the art apart from what the references disclose); In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969) (conclusion of obviousness may be made "from common knowledge and common sense of the person of ordinary skill in the art without any specific hint or suggestion in a particular reference").
 
 
 7
 Claim 24 discloses a specific amount, 60-75 percent, of reduction in the wire's cross-sectional area. Although he concedes that DOS '783 discloses "some" reduction in cross-sectional area, Opprecht contends that the reference does not render claim 24 obvious because it does not disclose the specific amount of area reduction sufficient to prevent further elongation under the conventional temperatures, pressures, and materials used in welding. As the textbook shows, however, a skilled artisan would know how much area reduction is required to prevent futher elongation under such conditions. We are not persuaded that the board was incorrect in concluding, as a matter of law, Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1568, 1 USPQ2d 1593, 1597 (Fed.Cir.), cert. denied, 481 U.S. 1052 (1987), that claim 24 is obvious from the DOS '783 disclosure, including what an artisan would know as evidenced by the standard textbook.